Antonio GRENIER, a minor, By and Through Nancy GRENIER, his Next Friend, on behalf of Antonio Grenier, Plaintiff,

v.

KENNEBEC COUNTY, MAINE; Frank Hackett, in his official capacity as Sheriff of Kennebec County, Maine, and individually; Nancy G. Rines, George M. Jabar, II, and Wesley G. Kieltyka, in their official capacities as County Commissioners of Kennebec County, Maine; State of Maine; and Donald L. Allen, in his official capacity as Commissioner of State of Maine Department of Corrections, Defendants.

Civ. No. 89–0180 P.

United States District Court,
D. Maine.

March 21, 1990.

Nancy D. Metz, Fairfield, Me., Thomas Hyde, Skowhegan, Me., for plaintiff.

Steven J. Mogul, Bangor, Me., for defendant Hackett.

Theodore H. Kirchner, Portland, Me., for defendants Kennebec County, Frank Hackett, Nancy Rines, George Jabar, and Wesley Kieltyka.

Diane Sleek, Asst. Atty. Gen., Augusta, Me., for defendants State of Me. and Donald Allen.

ORDER AFFIRMING THE RECOM-
MENDED DECISION OF THE
MAGISTRATE

GENE CARTER, Chief Judge.

The United States Magistrate having filed herein with the Court on February 21, 1990, with copies to counsel, his Recommended Decision on Motions to Dismiss of Defendants State of Maine and Donald L. Allen, Commissioner of Maine Department of Corrections (a copy of which is attached hereto as "Exhibit A"); and the time for filing objections thereto having expired on March 5, 1990, without any objections having been filed; *see* 28 U.S.C. § 636(b)(1); and this Court having reviewed and considered the Magistrate's Recommended Decision, together with the entire record; and this Court having made a *de novo* determination of all matters adjudicated by the

Magistrate's Recommended Decision; and this Court concurring with the recommendations of the United States Magistrate for the reasons set forth in his Recommended Decision, and having determined that no further proceeding is necessary; it is *ORDERED* as follows:

(1) The Recommended Decision of the Magistrate is hereby *AFFIRMED;*

(2) Defendant State of Maine's motion to dismiss all claims is hereby *GRANTED;*

(3) Defendant Commissioner Donald Allen's motion to dismiss as to all state claims and as to all federal claims that seek monetary relief is hereby *GRANTED;* and

(4) Defendant Commissioner Donald Allen's motion to dismiss all claims seeking federal injunctive relief is hereby *GRANTED.*

## EXHIBIT A

RECOMMENDED DECISION ON MOTIONS TO DISMISS OF DEFENDANTS STATE OF MAINE AND DONALD L. ALLEN, COMMISSIONER OF MAINE DEPARTMENT OF CORRECTIONS

Plaintiff Antonio Grenier, a juvenile, alleges that he was unlawfully confined in the Kennebec County Jail at a time when that facility was not approved for the detention of juveniles. In this action against the State of Maine and the Commissioner of the Maine Department of Corrections, among others, he seeks damages and injunctive relief for violations of his constitutional rights under 42 U.S.C. § 1983; the Fourth, Eighth and Fourteenth Amend-

ments to the United States Constitution; the Juvenile Justice and Delinquency Prevention Act ("JJDPA"), 42 U.S.C. §§ 5601–5751; Art. 1, §§ 5, 6–A and 9 of the Maine Constitution; and numerous Maine statutes.[1]

### State of Maine's Motion to Dismiss

The State of Maine has moved to dismiss the complaint for failure to state a claim upon which relief can be granted. It argues that these claims are barred by its Eleventh Amendment immunity.[2]

The Eleventh Amendment bars federal jurisdiction over suits against a state by its own citizens as well as by citizens of another state.[3] *Welch v. Texas Department of Highways & Public Transportation,* 483 U.S. 468, 472, 107 S.Ct. 2941, 2945, 97 L.Ed.2d 389 (1987); *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). This bar is absolute "unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will v. Michigan Department of State Police,* —— U.S. ——, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989) (citations omitted); *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 1114 (1978).

The plaintiff argues that the claims against the State of Maine should not be dismissed for three reasons: (1) the State has waived its Eleventh Amendment immunity; (2) the JJDPA overrides the State's sovereign immunity and establishes enforceable rights; and (3) the plaintiff's

1. The plaintiff cites violations of provisions of the Maine Juvenile Code, 15 M.R.S.A. §§ 3001–3507; and 30–A M.R.S.A. §§ 1501, 1651–54, 1658.

2. It also contends, in the alternative, that: (1) § 1983 claims do not lie against a state; (2) the JJDPA does not give rise to a private right of action and is not enforceable under § 1983; (3) the state law claims are barred by sovereign immunity; (4) the Maine Constitution and Maine state laws do not give rise to private rights of action; and (5) this court loses jurisdiction over the pendant state law claims if the

federal claims are dismissed. Because I conclude that the plaintiff's claims are barred by the Eleventh Amendment I do not reach these additional arguments.

3. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.

claim for injunctive relief is not barred by the Eleventh Amendment.[4]

The plaintiff contends that the State of Maine waived its Eleventh Amendment immunity in the Maine Civil Rights Act ("Act"), 5 M.R.S.A. §§ 4681–83.[5] He asserts that the State consents to federal jurisdiction because it allows any person to prosecute a civil action against any person alleged to have interfered with the rights secured by the constitutions and laws of the United States and the State of Maine. *See* 5 M.R.S.A. § 4682. He maintains that the term "person" includes the State of Maine.[6]

A state's general waiver of sovereign immunity is not enough to waive the immunity granted by the Eleventh Amendment. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1985). The Supreme Court has stated that:

"[A] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." Thus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court. Id.* (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984)) (citations omitted) (emphasis in original); *see also Della Grotta v. State of Rhode Island*, 781 F.2d 343, 346 (1st Cir.1986). The Act makes no mention of the State's intention to subject itself to suit in federal court. On the contrary, the Act clearly states that any action brought by the Maine Attorney General to enforce civil rights "shall be instituted in the Superior Court for the county where the alleged violator resides." 5 M.R.S.A. § 4681. Accordingly, I conclude that the Maine Civil Rights Act does not manifest any intent by the State of Maine to waive it's Eleventh Amendment immunity.

The plaintiff's second argument is that the JJDPA [7] overrides the states' Eleventh

---

4. The plaintiff mistakenly contends as a threshold matter that both defendants have failed to properly answer or submit a timely motion to dismiss. Both defendants submitted Rule 12(b)(6) motions to dismiss within the time required by Rule 12(a).

5. The Act reads in relevant part:

    **§ 4681. Violations of constitutional rights; civil action by Attorney General**

    Whenever any person, whether or not acting under color of law, intentionally interferes by threat, intimidation or coercion or attempts to intentionally interfere by threat, intimidation or coercion, with the exercise or enjoyment by any other person of rights secured by the United States Constitution or the laws of the United States or of rights secured by the Constitution of Maine or laws of the State, the Attorney General may bring a civil action for injunctive or other appropriate equitable relief in order to protect the peaceable exercise or enjoyment of the rights secured. The civil action shall be brought in the name of the State and shall be instituted in the Superior Court for the county where the alleged violator resides or has a principal place of business.

    **§ 4682. Violations of constitutional rights; civil actions by aggrieved persons**

    **1. Remedy.** Any person whose exercise or enjoyment of rights secured by the United States Constitution or laws of the United States, or of rights secured by the Constitution of Maine or laws of the State, has been interfered with, or attempted to be interfered with, as described in section 4681, may institute and prosecute in that person's name and on that person's own behalf a civil action for legal or equitable relief.

6. The plaintiff argues that the definition of "person" in § 4553(7) of the Maine Human Rights Act, 5 M.R.S.A. §§ 4551–4631, which includes the State, extends to the Maine Civil Rights Act as well. This contention is without merit. The Maine Civil Rights Act neither makes reference to, nor is controlled by, the Maine Human Rights Act. There is nothing in the Maine Civil Rights Act or in its legislative history to indicate that the Legislature intended the term "person" to include the State. On the contrary, the Maine Civil Rights Act was patterned after 42 U.S.C. § 1983. The Supreme Court has determined that the term "person" in § 1983 does not include a state or state officials acting in their official capacity. See *Will v. Michigan Dept. of State Police*, 109 S.Ct. at 2307–08.

7. The JJDPA is a comprehensive plan established by Congress to evaluate, improve and implement juvenile justice programs throughout the nation. It provides for grants to states which take part in the program and comply with its provisions. *See* 42 U.S.C. §§ 5602, 5633.

Amendment immunity and establishes a private cause of action or, alternatively, rights which are enforceable through § 1983.

■ For Congress to override the states' Eleventh Amendment immunity it must unequivocally express its intent "to overturn the constitutionally guaranteed immunity of the several States." *Atascadero,* 473 U.S. at 240, 105 S.Ct. at 3146 (citations and quotations omitted). "When Congress chooses to subject the States to federal jurisdiction, it must do so specifically." *Id.* at 246, 105 S.Ct. at 3149. Congress has expressed no intent in the JJDPA to override the state's Eleventh Amendment immunity. To the contrary, the JJDPA not only is silent on the issue of Eleventh Amendment immunity, but it also fails to provide for a private cause of action. Under the principles articulated in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975):

> a [private] cause of action could only be implied if the plaintiff was one of the class for whose especial benefit the statute was enacted, a congressional intent to create a remedy could be found, such a remedy would be consistent with legislative purposes, and it would not inappropriately interfere with a traditionally state area.

*Hendrickson v. Griggs,* 672 F.Supp. 1126, 1133 (N.D.Iowa 1987) (citing *Cort v. Ash,* 422 U.S. at 78, 95 S.Ct. at 2088). In the JJDPA there is no indication "of legislative intent, explicit or implicit, . . . to create such a remedy." *Cort,* 422 U.S. at 78, 95 S.Ct. at 2088; *see also* S.Rep. No. 1011, 93rd Cong., 1st Sess. 19–111, *reprinted in* 1974 U.S.Code Cong. & Admin.News 5283–5333, and H.R.Conf.Rep. No. 1298, 93rd Cong., 1st Sess. 39–46, *reprinted in* 1974 U.S.Code Cong. & Admin.News 5333–40. In addition, the JJDPA's primary purpose is to provide for a system of financing state and local juvenile programs. Thus, implying such a remedy for the plaintiff is not "consistent with the underlying purposes of the legislative scheme." *Cort v. Ash,* 422 U.S. at 78, 95 S.Ct. at 2088; *see also Doe v. McFaul,* 599 F.Supp. 1421, 1430 (D.Ohio 1984); *Cruz v. Collazo,* 84 F.R.D. 307, 314 (D.P.R.1979).

■ The plaintiff argues in the alternative that the JJDPA creates rights which are enforceable against the State through § 1983.[8] *See Wright v. City of Roanoke Redevelopment & Housing Authority,* 479 U.S. 418, 423, 107 S.Ct. 766, 770, 93 L.Ed.2d 781 (1987); *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). This contention, however, is also unavailing. Regardless of whether the JJDPA creates rights which are enforceable through § 1983,[9] the Supreme Court has made it clear that Congress never intended § 1983 to override the states' traditional Eleventh Amendment immunity. *See Quem v. Jordan,* 440 U.S. 332, 341–45, 99 S.Ct. 1139, 1145–47, 59 L.Ed.2d 358 (1979). Therefore, I conclude that the JJDPA does not, by itself or through § 1983, override the State of Maine's Eleventh Amendment immunity.

■ The plaintiff's third argument is that his claim for injunctive relief is not barred by the Eleventh Amendment. It is well established that the Eleventh Amendment bars injunctive relief as well as monetary damages against a state. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57

---

8. The plaintiff argues that the State of Maine waived its immunity to suit in a § 1983 action because it has defined itself a "person" in its constitution and various statutes. Plaintiff's argument, however, misses the mark. Whether or not the State of Maine is a "person" for purposes of § 1983 and as such could be subject to suit for § 1983 violations in its own courts is a separate question from whether it is amenable to suit in federal court. Because § 1983 was never intended to abrogate Eleventh Amendment immunity, it is immaterial whether or not the State is considered a person for purposes of

this inquiry. Furthermore, this argument is in direct conflict with the Supreme Court's recent decision in *Will v. Michigan* where the Court held that states are not "persons" for § 1983 purposes. *Will v. Michigan Dept. of State Police,* 109 S.Ct. at 2307–08.

9. *Compare Hendrickson v. Griggs,* 672 F.Supp. at 1133–37 (the JJDPA established rights which could be enforced under § 1983) *with Doe v. McFaul,* 599 F.Supp. at 1430 (the JJDPA does not create rights enforceable through § 1983).

L.Ed.2d 1114 (1978); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. at 100, 104 S.Ct. at 907.

I conclude that the Eleventh Amendment bars all the plaintiff's claims against the State of Maine.

### Commissioner Allen's Motion to Dismiss

Commissioner Allen argues that the plaintiff's claims against him in his official capacity [10] are, in effect, claims against the State of Maine which are barred by the Eleventh Amendment and other defenses.[11] He also contends that, to the extent he is not covered by Eleventh Amendment immunity, the plaintiff's claims for injunctive relief should be dismissed because they are speculative and fail to state a case or controversy.

A suit for damages against a state official in his official capacity is in effect a suit for damages against the state. *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985). Thus, the Eleventh Amendment grants immunity from a suit for damages in federal court to a state official sued in his official capacity. *Pennhurst,* 465 U.S. at 101–02, 104 S.Ct. at 908–09. This immunity also extends to state law claims regardless of the type of relief sought. *Id.* at 106, 104 S.Ct. at 911. A state official, however, is not immune from a suit in federal court which seeks prospective injunctive relief under federal law. *Edelman v. Jordan,* 415 U.S. at 664–67, 94 S.Ct. at 1356–58 (citing *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)); *Echevarria–Gonzalez v. Gonzalez–Chapel,* 849 F.2d 24, 32 (1st Cir.1988).

The plaintiff grounds his claims against Commissioner Allen on the same arguments he asserts against the State of Maine. Therefore, for the reasons noted above, I conclude that the claims against Commissioner Allen which seek monetary damages are barred by the Eleventh Amendment. I also conclude that the Eleventh Amendment bars all claims against Commissioner Allen which are based on state law. The plaintiff's claims for federal injunctive relief, however, require further analysis.

Commissioner Allen argues that the plaintiff's claims for injunctive relief should be dismissed because they fail to present a case or controversy. He contends that the plaintiff's fear that he may again be confined to the Kennebec County Jail is too remote and speculative to give the plaintiff standing to request injunctive relief. The plaintiff asserts that he is entitled to injunctive relief because in the past he and at least one other juvenile have been detained in the Kennebec County Jail, that he fears the practice is ongoing and that the likelihood that he may be detained there in the future poses a real and immediate threat.

To meet the preconditions for asserting a claim for injunctive relief in a federal forum the plaintiff must show that he is "realistically threatened by a repetition of his experience." *City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983); *Reyes v. Supervisor of Drug Enforcement Administration,* 834 F.2d 1093, 1098 (1st Cir. 1987). In *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), the Court found no case or controversy where:

> the prospect of future injury rests on the likelihood that respondents will again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial, or sentencing before petitioners.... [I]t seems to us that attempting to anticipate whether and when these respondents will be charged with crime and will be made to appear before either petitioner takes us into the area of speculation and conjecture.

---

10. The plaintiff has not asserted any claims against Commissioner Allen in his individual capacity.

11. The Commissioner asserts virtually the same grounds for dismissal as does the State of Maine.

*Id.* at 496–97, 94 S.Ct. at 676; *see also City of Los Angeles v. Lyons,* 461 U.S. at 109–110, 103 S.Ct. at 1669.

Here the plaintiff bases his claim for injunctive relief on circumstances which are similar to those described in *Lyons.* He contends that he may, at some point in the future, again be subjected to incarceration as a juvenile in the Kennebec County Jail. *See* Complaint ¶ 38. These allegations alone are insufficient to satisfy the requirements of a claim for federal injunctive relief. Therefore, based on the allegations contained in his complaint, I conclude that the plaintiff has failed to state a claim upon which relief may be granted.

In his memorandum the plaintiff requests that the court allow him to amend his complaint if the court finds his allegations insufficient to state a claim for injunctive relief. *See* Memorandum in Opposition to Defendant Donald Allen's Motion to Dismiss, p. 5. The plaintiff has not, however, submitted a formal motion to amend nor has he given any indication that he is suffering under any "continuing, present adverse effects" to support his claim for injunctive relief. *See O'Shea v. Littleton,* 414 U.S. at 496, 94 S.Ct. at 676. However, the preferred practice on a Rule 12(b)(6) motion to dismiss is to allow a plaintiff leave to amend his complaint. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 611–14 (1969). Because dismissal on the federal claim for injunctive relief is not on the merits I hereby GRANT the plaintiff twenty (20) days within which to seek leave to amend his complaint in order to provide additional allegations to support his claim for injunctive relief. *See id.* If the plaintiff fails to do so or if his proposed amended complaint, which is to be tendered with any motion to amend, still does not sufficiently show a realistic threat of his reincarceration in the Kennebec County Jail, I recommend that the claims for federal injunctive relief against Commissioner Allen also be dismissed.

### Conclusion

For the foregoing reasons, I recommend that the State of Maine's motion to dismiss all claims be GRANTED. In addition, I recommend that Commissioner Donald Allen's motion to dismiss be GRANTED as to all state claims and as to all federal claims that seek monetary relief; and that his motion to dismiss all claims seeking federal injunctive relief be GRANTED unless within twenty (20) days the plaintiff seeks leave to amend his complaint and his proposed amended complaint contains sufficiently specific allegations showing a realistic threat of his reincarceration in the Kennebec County Jail which, if proved, would entitle him to injunctive relief.

### NOTICE

*A party may file objections to those specified portions of a magistrate's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

*Dated at Portland, Maine this 21st day of February, 1990.*

/s/ David M. Cohen
David M. Cohen
*United States Magistrate*