54 F.3d 764
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Robert D. SPICKLER, Plaintiff, Appellant,
v.
STATE of MAINE, Defendant, Appellee.
 No. 94-2240.
 United States Court of Appeals,
First Circuit.
 May 19, 1995.
 
 Robert D. Spickler on brief pro se.
 Andrew Ketterer, Attorney General, and Francis E. Ackerman, Assistant Attorney General, on brief for appellee.
 D.Me.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Robert Spickler has filed a 42 U.S.C. Sec. 1983 action against the State of Maine, complaining that the state courts have deprived him of an impartial forum in violation of his First and Fourteenth Amendment rights. As plaintiff's complaint is irreparably flawed in various respects, we affirm the amended judgment of dismissal.
 
 
 2
 First, it is now settled that a state is not a "person" subject to suit under Sec. 1983. See, e.g., Hafer v. Melo, 502 U.S. 21, 25-26 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 62-70 (1989). Second, the action is barred by the Eleventh Amendment. Contrary to plaintiff's suggestion, the enactment of Sec. 1983 did not serve to abrogate the states' Eleventh Amendment immunity. See, e.g., Quern v. Jordan, 440 U.S. 332, 342 (1979). And contrary to his further contention, such immunity extends to actions seeking injunctive relief against a state as well as to those simply seeking damages. See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 113 S. Ct. 684, 688-89 (1993); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984); Cory v. White, 457 U.S. 85, 90-91 (1982).[1]
 
 
 3
 Third, plaintiff fails to appreciate that lower federal courts lack jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); accord, e.g., Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Finally, most if not all of the instant complaint falls within the scope of the 1987 injunction barring plaintiff from filing further federal court actions without leave of court. For the reasons recited above, as well as those enumerated by the district court, we agree with the court's conclusion that plaintiff has not made a prima facie showing as required by that injunction.
 
 
 4
 Affirmed.
 
 
 
 [1]
 Plaintiff does not argue that Maine has effected a general waiver of its Eleventh Amendment immunity in cases of this nature. We thus need not address the issue, other than to note that such a contention has been elsewhere rejected. See, e.g., Grenier v. Kennebec County, Maine, 733 F. Supp. 455 (D. Me. 1990)