**Aurelio ECHEVARRIA–GONZALEZ,
Plaintiff, Appellee,**

v.·

**Antonio GONZALEZ–CHAPEL, etc.,
Defendant, Appellant.**

No. 87–1526.

United States Court of Appeals,
First Circuit.

Heard Feb. 3, 1988.

Decided June 10, 1988.

Reina Colon de Rodriguez, Asst. Sol. Gen., with whom Rafael Ortiz Carrion, Sol. Gen., and Norma Cotti Cruz, Deputy Sol. Gen., were on brief, for defendant, appellant.

Israel Roldan Gonzalez, Aguadilla, P.R., for plaintiff, appellee.

Before CAMPBELL, Chief Judge, TORRUELLA, Circuit Judge, and CAFFREY,[*] Senior District Judge.

LEVIN H. CAMPBELL, Chief Judge.

The Secretary of Agriculture of Puerto Rico ("the Secretary") appeals from a default judgment entered against him by the district court, and from the court's denial of a Rule 60(b) motion, Fed.R.Civ.P. 60. Plaintiff-appellee Aurelio Echevarria Gonzalez ("Echevarria") brought this action alleging that he had been fired from his position in the Puerto Rico Department of Agriculture ("the Department") because of his political affiliation. The district court ordered the Secretary to reinstate Echevarria. The Secretary argues that the default judgment is void because it was entered without personal jurisdiction having been obtained over him. Before considering that issue, however, we first address Echevarria's contention that this court lacks appellate jurisdiction because the notice of appeal was untimely filed.

I.

A default judgment was entered by the court below against the defendant Secretary on January 20, 1987. On January 30, the defendant filed a motion ostensibly under Fed.R.Civ.P. 55(c) and 60(b), in which he requested that the default judgment be set aside because, inter alia, it was void for lack of personal jurisdiction over the defendant.[1] The district court denied this motion without explanation on March 10,

---

[*] Of the District of Massachusetts, sitting by designation.

1. Fed.R.Civ.P. 55 is entitled "Default." Clause (c) thereof provides,

**(c) Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

1987. Defendant then moved under Fed.R. Civ.P. 59(e) for reconsideration, a motion which the district court denied on April 21, 1987.

On May 20, 1987, defendant filed a notice of appeal stating that he was appealing both from the default judgment entered on January 20, 1987, and from the order of April 21, 1987, refusing to reconsider the order denying the Rule 60(b) motion brought under Rule 55(c). Echevarria now asserts that this court is without jurisdiction to entertain that appeal. Respecting the appeal from the default judgment itself, we agree that we lack appellate jurisdiction.

■ A notice of appeal must be filed with the clerk of the district court within 30 days after the date of entry of the order of judgment appealed from. Fed.R.App.P. 4(a)(4); *Rivera v. M/T Fossarina*, 840 F.2d 152, 154 (1st Cir.1988). The default judgment was entered on January 20, 1987, four months before May 20, 1987, the date defendant filed his notice of appeal. Thus, unless the running of the 30–day appeal period was somehow interrupted or tolled, the notice of appeal from the default judgment was untimely filed.

■ The Secretary filed the motion under Rules 55(c) and 60(b) ten days after the entry of judgment. However, the filing of such a motion under Rules 55(c) and 60(b) does not toll the running of the 30–day appeal period. *Browder v. Illinois Department of Correction*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); Fed.R.App.P. 4. The Secretary seeks to avoid this fact by arguing that the motion he filed on January 30, 1987, although denominated as a motion under Rules 55(c) and 60(b), was in reality a Rule 59(e) motion to alter or amend the judgment. The latter type motion, served not later than ten days after the entry of judgment, would toll the running of the 30–day appeal period. Fed.R.App.P. 4(a)(4); [2] *Rivera v. M/T Fossarina*, 840 F.2d at 154. The motion in question was, in fact, served within ten days of the entry of the default judgment.

■ We are unable to construe defendant's first post-judgment motion as a Rule 59(e) motion. While "nomenclature should not be exalted over substance," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir.1982), defendant not only called his motion a "Motion Requesting Order Vacating Judgment Under Rules 55(c) and 60," but in a memorandum in support of the motion, he relied on the language of those rules and on the cases interpreting them. Defendant particularly argued subsections (1) and (4) of Rule 60(b), the former allowing relief from a final judgment because of mistake, inadvertence, surprise, or excusable negligence, and the latter allowing relief if the judgment is void.

That the January 30 motion was not a Rule 59(e) motion is underscored by the fact that defendant was attacking a *default* judgment. Fed.R.Civ.P. 55(c) indicates that Rule 60(b) is the appropriate provision relative to setting aside a default judgment. *See* note 1, *supra*. In *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499 (11th Cir. 1984), confronted with a situation strikingly similar to this one, the Eleventh Circuit refused to treat an unlabeled motion for "rehearing" filed within ten days of a default judgment as a motion under Rule 59 such as would toll the running of the appeal period. The court viewed the unlabeled post-judgment motion as one under Rules 55(c) and 60(b). It construed Rule 55(c) as providing that "the proper, and ... exclusive method for attacking a default judgment in the district court is by way of a Rule 60(b) motion." *Id.* at 1507. The court thus dismissed the appeal from the default judgment for lack of jurisdiction. *Id.*

---

**2.** Rule 4(a)(4) provides that if a timely motion is filed under Rule 59 to alter or amend the judgment,

> the time for appeal for all parties shall run from the entry of the order ... granting or denying any other such motion. A notice of

appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above....

We need not decide here whether a Rule 60(b) motion is the sole mechanism for attacking a default judgment. In the instant case the post-judgment motion, unlike the one in *Gulf Coast,* specifically invoked Rules 55(c) and 60(b). We have little choice but to conclude that the first post-judgment motion was intended to be exactly what defendant called it, a motion under Rules 55(c) and 60(b). Defendant cannot conveniently change his position at this time.

It follows that the notice of appeal filed on April 21, 1987, came too late to give this court jurisdiction over an appeal from the January 20, 1987, default judgment. We, therefore, dismiss defendant's appeal from the default judgment for lack of appellate jurisdiction. *Browder v. Illinois Department of Correction,* 434 U.S. at 264, 98 S.Ct. at 560 (a notice of appeal must be timely filed if the court of appeals is to obtain jurisdiction over an appeal).

That does not mean, however, that there is no appeal properly before us. In the April 21, 1987, notice of appeal, the Secretary also appealed from the order denying the Rule 60(b) motion which defendant brought pursuant to Rule 55(c). *See* note 1, *supra.* The court's order denying that motion was itself a final appealable order. J. Moore & J. Lucas, 7 *Moore's Federal Practice* ¶ 60.30[3] (1987). Defendant's Rule 60(b) motion was denied on March 10, 1987. But as the order of denial meets the definition in the Federal Rules of a "judgment," it was properly subject to a Rule 59(e) motion. Fed.R.Civ.P. 54(a). On March 23, 1987, defendant filed and served a Rule 59(e) motion for reconsideration of the order denying the Rule 60(b) motion. The Rule 59(e) motion, which was timely served, *see* Fed.R.Civ.P. 6(a), had the effect of tolling the 30–day time period to appeal from the denial of the Rule 60(b) motion. The 30–day appeal period started to run anew on April 21, when the Rule 59(e) motion was denied by the district court. The notice of appeal was filed on May 20, 1987. We, therefore, have jurisdiction to entertain an appeal from the denial of the Rule 60(b) motion. Our review on appeal is restricted to the issue of whether the dis-trict court abused its discretion in its order denying the Rule 60(b) motion filed by defendant under Rule 55(c). *Rivera v. M/T Fossarina,* 840 F.2d at 156. "While the denial order brings up for review the matters pertinent thereto, it does not bring up the judgment for review." J. Moore & J. Lucas, 7 *Moore's Federal Practice* at ¶ 60, pages 344–45.

## II.

We turn next to whether the default judgment was void for lack of personal jurisdiction over the Secretary and, consequently, whether the district court erred in refusing to vacate the judgment pursuant to defendant's motions under Rules 55(c) and 60(b).

Echevarria sued Antonio Gonzalez Chapel in both his personal capacity and in his official capacity as Secretary of the Department of Agriculture. The complaint alleged that Echevarria was fired from his position as Cattle Inspector at the Department because of his political affiliation, in violation of the First Amendment. Although Gonzalez Chapel was the Secretary of Agriculture at the time Echevarria was fired, Gonzalez Chapel had left the Department by the time this action was brought, and Juan Bauza Salas had become the Secretary. The instant action was filed on June 26, 1986, almost seven months after Gonzalez Chapel's departure from office. Nonetheless, the complaint named as defendant "Antonio Gonzalez Chapel, Secretary of Agriculture, of the Commonwealth of Puerto Rico and in his personal capacity." The name of the incumbent Secretary of Agriculture, Bauza Salas, did not appear.

Service of process was made on July 14, 1986, by leaving copies of the summons and complaint with Maria de Jesus Clemente, secretary to the Secretary of Agriculture, Bauza Salas. De Jesus Clemente had been authorized by Bauza Salas to receive and be served with all the summonses and complaints addressed to the Secretary of Agriculture.

On November 12, 1986, after the time allowed by Fed.R.Civ.P. 12(a) to answer the

complaint had elapsed without any answer or motion having been filed, plaintiff moved for entry of a default pursuant to Fed.R.Civ.P. 55(a). The district court entered an order of default against Gonzalez Chapel on November 25, 1986. Echevarria then moved for a judgment by default on December 10, 1986. In his motion for judgment by default, Echevarria notified the district court that Gonzalez Chapel had resigned from his position as Secretary of Agriculture, and requested leave to amend and supplement the complaint, substituting Bauza Salas, present Secretary, as a party defendant in place of Gonzalez Chapel. On January 7, 1987, a hearing was held before the district court. Judgment by default was entered against the Secretary of Agriculture Bausa Salas, the court ordering the reinstatement of Echevarria with back pay. The court also ordered that Echevarria be afforded the status of regular employee pursuant to Puerto Rico Law No. 110, P.R. Laws Ann. tit. 3, § 711g (1980), which provides that every "irregular" employee of the Commonwealth of Puerto Rico will acquire, under certain circumstances listed in that section, the status of regular career employee under the personnel law.

The Secretary now argues that the service of process was insufficient to give the district court jurisdiction over the Secretary of Agriculture.

■ A defendant must be served in accordance with Fed.R.Civ.P. 4 in order for the court to secure personal jurisdiction over him. Actual notice and simply naming the person in the caption of the complaint is insufficient to subject a defendant to the jurisdiction of the district court. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982). Lack of jurisdiction is "[t]he principal basis for an attack on a default judgment under Rule 60(b)(4)." C. Wright, A. Miller & M. Kane, 10 *Federal Practice & Procedure* § 2695, at 503 (1983). If the judgment is void, the district court has no discretion but to set aside the entry of default judgment. *Id.* § 2697.

Echevarria concedes that the district court never acquired jurisdiction over the former Secretary, Gonzalez Chapel, in his *personal* capacity. That, however, does not necessarily affect the validity of the default judgment because it was entered against the current Secretary of Agriculture in his official capacity, and not against Gonzalez Chapel in his individual capacity. Echevarria contends, and we agree, that the service here was sufficient to confer jurisdiction upon the court over the new head of the Department, Bauza Salas, in his official capacity.

The Federal Rules of Civil Procedure do not specifically provide for a method of service upon a state officer in his official capacity. Rules 4(d)(1) and 4(d)(6), which are pertinent to this situation state,

**(d) Summons and Complaint: Person to be Served.** The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

. . . .

(6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state of the service of summons or other like process upon any such defendant.

As an alternative method of service Rule 4(c)(2)(C)(i) provides that an individual can also be served "pursuant to the law of the State in which the district court is held."

There is no doubt that Rule 4(d)(1) applies when a state officer is sued in his *individual* capacity. However, neither

Rule 4(d)(1) nor Rule 4(d)(6) addresses the situation when a particular officer of a state is sued in his official capacity. Rule 4(d)(6) refers only to service upon a "state or municipal organization or other governmental organization." There is a significant distinction between 1) suing a state, and 2) suing a state officer in his official capacity, a distinction elsewhere recognized by the Rules. For example, while Rule 4(d)(4) establishes the mechanism for the service of process upon the United States, Rule 4(d)(5) establishes a different mechanism for the service of process upon an agency or an *officer* of the United States. Service upon the latter shall be made by serving the United States *and* by sending a copy of the summons and of the complaint by registered or certified mail to the officer. The rationale behind Rule 4(d)(5) is the following. When an action is filed against a federal officer in his official capacity, the action is in essence against the United States, justifying service upon the United States. On the other hand, the defendant officer should also be personally served, given that the action is directly against him, that some action or inaction is requested from him, and that he might be held in contempt if he were to violate the court's orders. J. Moore & J. Lucas, 2 *Moore's Federal Practice* ¶ 4.29 (1988). By requiring both service upon the United States and the mailing of a copy of the summons and of the complaint to the defendant officer, both the interests of the United States and the individual are protected.

The same interests exist when a state officer is sued in his official capacity.[3] As we have seen, however, there is no federal rule clearly governing this situation. Both parties argue that the applicable rule is Rule 4(d)(6). We are not so sure. That rule applies only to actions against "a state or municipal corporation or other governmental organization." Although we imagine that in most or all cases where a state officer is sued in his official capacity, the state has a major interest in the outcome, the officer remains the actual party to the action. A state officer is often sued in his official capacity because the Eleventh Amendment forbids a direct action against the state. *See Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The very wording of Rule 4(d)(6) implies a self-contained limitation, namely, that it applies to situations where the state or other governmental entity is "subject to suit."[4] If the Eleventh Amendment bars an action against the state, then the latter is not "subject to suit" pursuant to Rule 4(d)(6), and thus the rule is inapplicable. *See* C. Wright & A. Miller, 4A *Federal Practice & Procedure* § 1110 (1987). Finally, service upon the state, rather than upon the officer, will not always ensure the giving of adequate notice to the latter that an action in court is pending against him.

■ We think that the part of Rule 4 more nearly applicable here is paragraph (1) of subdivision (d). The action is against an individual, albeit in his official capacity, and not against the state. Although the state (here, the Commonwealth of Puerto Rico) has a great interest in the outcome, it will be the individual Secretary of Agriculture who in an official capacity is going to

---

3. Rule 4.4(g) of the Puerto Rico Rules of Civil Procedure provides that service shall be made
   (g) Upon an *officer* or agency of the Commonwealth of Puerto Rico other than a public corporation by delivering a copy of the summons and of the complaint *to said officer* or to the chief executive officer of said agency *and* to the Secretary of Justice or to a person designated by him. If the agency is a public corporation, by delivering the copies pursuant to the provisions of Rule 4.4(e).
   P.R.Laws Ann. tit. 32, App. III R. 4.4(g) (emphasis added). Other states have provided also for a similar mechanism to serve a state officer. *See, e.g., Banerjee v. Roberts*, 641 F.Supp. 1093, 1099 (D.Conn.1986) (citing a Connecticut statute

authorizing the state attorney general to accept service on behalf of a state officer sued in his official capacity).
   In the instant case the plaintiff did not comply with Puerto Rico R.Civ.P. 4.4(g). Compliance with that rule would have been sufficient to serve defendant in his official capacity. Fed. R.Civ.P. 4(c)(2)(C)(i). *See Banerjee v. Roberts*, 641 F.Supp. at 1099.

4. Thus Fed.R.Civ.P. 4(d)(6) applies to service upon a state or municipal corporation or other governmental organization thereof *subject to suit. . . .*
   (Emphasis supplied.)

be bound by the judgment, and who can be held in contempt if a court order is disobeyed. To be sure, service upon the Secretary under Rule 4(d)(1) invites the risk that he will not properly advise the state's legal officers of the pending action, but that seems an improbable oversight where the public officer is sued in an official capacity. We therefore hold that service upon a state officer in his official capacity is sufficient if made pursuant to Rule 4(d)(1).[5] *Richards v. New York State Department of Correctional Services*, 572 F.Supp. 1168, 1173 n. 3 (S.D.N.Y.1983) ("in an action against an individual in his official capacity, personal service pursuant to Rule 4(d)(1) is sufficient."). *See also Jackson v. Hayakawa*, 682 F.2d at 1348 (court had jurisdiction over defendant in his official capacity when official was served *personally* pursuant to state law); *Banerjee v. Roberts*, 641 F.Supp. at 1099 (service upon university trustees in their official capacity, made through the state attorney general, valid when made pursuant to state law).

### III.

■ We turn next to whether the Secretary of Agriculture was properly served here pursuant to Rule 4(d)(1).

We start with the complicating factor that Gonzalez Chapel, the *former* Secretary whose name was in the complaint, was not properly served here *in a personal capacity* under Rule 4(d)(1). Copies of the summons and complaint were left with Maria de Jesus Clemente, the secretary of Gonzalez Chapel's successor in office, Bauza Salas, who was the incumbent Secretary of Agriculture when service was made. De Jesus Clemente had been authorized by the latter to accept service of complaints upon the Secretary of Agriculture. She was not, however, authorized to receive service on behalf of former Secretary Gonzalez Chapel *personally*, and certainly the office at which the papers were left was not Gonza-

lez Chapel's dwelling house or usual place of abode.

Failure to serve the former Secretary in his personal capacity, however, did not mean that he (or, more correctly, his successor in office) was not properly served in an official capacity pursuant to Rule 4(d)(1). *See Richards v. New York Department of Correctional Services*, 572 F.Supp. at 1173 (defendant was properly served under Rule 4(d)(1) in his official capacity, but not in his individual capacity, when service was realized through defendant's agent, who was authorized by defendant to receive summonses and complaints addressed to him in his official capacity).

De Jesus Clemente, secretary to the successor and then current Secretary of Agriculture, was the person in charge of receiving all the summonses and complaints addressed to the Secretary. Insofar as the instant summons and complaint were addressed to the Secretary of Agriculture in his official capacity, we believe that delivery to de Jesus Clemente could effect service upon the public officer regardless of the fact that, at the time, Gonzalez Chapel, the person named in the papers, was no longer the Secretary of Agriculture.

Had Gonzalez Chapel been the Secretary at the time process was served, service here would clearly have been adequate under Rule 4(d)(1) to effect service in an official capacity. The same could be said had plaintiff included before service the name of the new Secretary in the caption of the complaint and in the summons. The Secretary does not contest the fact that de Jesus Clemente was the person in charge of receiving summonses and complaints addressed to the Secretary. The Secretary of Agriculture was, therefore, served by "delivering a copy of the summons and of the complaint to an agent authorized by appointment ... to receive service of process." Fed.R.Civ.P. 4(d)(1).

---

5. We do not say this is the only means of effecting service upon an officer. Under Rule 4(c)(2)(C)(i), as already noted, he can also be served "pursuant to the law of the state in which the district court is held." In jurisdictions like

Puerto Rico having specific provisions for the means of service upon public officers, use of the state statute is the preferable means of effecting service.

The Secretary argues that because the individual named in the papers delivered to de Jesus Clemente was Gonzalez Chapel, service was insufficient with regard to the official person of his successor in office, Bauza Salas. We disagree. The complaint named as defendant "Antonio Gonzalez Chapel, Secretary of Agriculture, of the Commonwealth of Puerto Rico." In paragraph 33 of the complaint the plaintiff stated, "the present action is directed at the Secretary of Agriculture, in his official capacity and in his personal capacity as individual." In the complaint, plaintiff asked the district court, inter alia, to enter an injunction against the Secretary ordering him to reinstate plaintiff to his position in the Department. The action was in essence an action against the Secretary to compel performance of official duties and calling for corrective behavior by the Secretary. It follows that the "individual," *see* Rule 4(d)(1), upon whom service was actually being made in this context was the incumbent Secretary of Agriculture, whoever he might be, not just Gonzalez Chapel or even Gonzalez Chapel at all, once he ceased to hold that office.

To a significant degree, the present Federal Rules of Civil Procedure contemplate this kind of resolution. Rule 25(d)(1) states that when "a public officer is a party of an action in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is *automatically* substituted as a party." (Emphasis added.) It is true that Gonzalez Chapel, personally, was never a party to this action because he was never properly served. To that extent, Rule 25(d)(1) is not directly applicable to this case. However, its rationale sheds some light on the present situation. If the action is one "brought in form against a named officer, but intrinsically against the government or the *office or the incumbent thereof whoever he may be from time to time during the action*," Fed.R.Civ.P. 25(d)(1), *Notes of the Advisory Committee on Rules* (emphasis added), there is no need for plaintiff to keep track of who is occupying the office at a given time. In the instant case the new Secretary was served with a complaint naming as defendant "Antonio Gonzalez Chapel, Secretary of Agriculture, Commonwealth of Puerto Rico." Bauza Salas would have known that by virtue of his position he was a defendant to this action, insofar as it ran against the Secretary in an official capacity. The summons and complaint were adequate to serve the Secretary and to give him notice that Echevarria was suing the Secretary of Agriculture, whoever he was.

The insignificance of Echevarria's omission in not specifically naming Bauza Salas in the caption of the complaint is underscored by the fact that this action could have been brought directly against the Secretary of Agriculture, without the need of including his name. Fed.R.Civ.P. 25(d)(2).[6] Service here would have been proper if plaintiff had sued the Secretary by title, without naming anybody in particular. *See* C. Wright, A. Miller & M. Kane, 7C *Federal Practice & Procedure* § 1961 (1986); *Ramirez v. Burr*, 607 F.Supp. 170, 173 (S.D.Tex.1984). The result should not be different where plaintiff mistakenly has included the name of the former officer. The Advisory Committee on Rules clearly stated the underpinnings of Rule 25(d)(2):

> This provision, applicable in "official capacity" cases ..., will encourage the use of the official title without any mention of the officer individually, thereby recognizing the intrinsic character of the action and helping to eliminate concern with the problem of substitution.

Fed.R.Civ.P. 25(d)(2), *Notes of Advisory Committee on Rules*. When the action is brought against a public officer in his official capacity, "[t]he manipulation of names is merely a technicality that should not interfere with substantial rights." C. Wright, A. Miller & M. Kane, 7C *Federal Practice & Procedure* § 1961, at 581 (1986).

---

**6.** Fed.R.Civ.P. 25(d)(2) reads,

(2) A public officer who sues or is sued in an official capacity may be described as a party by the officer's official title rather than by name; but the court may require the officer's name to be added.

The summons and the complaint here clearly state that the person being sued is the Secretary of Agriculture of the Commonwealth of Puerto Rico. A copy of the summons and of the complaint was delivered to the person appointed by the incumbent Secretary to receive service of process on his behalf. The Secretary was properly served. We accordingly hold that the district court had personal jurisdiction over the Secretary in his official capacity, and did not abuse its discretion in denying relief under Rule 60(b).

### IV.

The Secretary argued for the first time during oral argument in this court that the part of the default judgment awarding Echevarria back pay violates the Eleventh Amendment and therefore should be reversed. We are constrained to agree.

■ The Eleventh Amendment defense was not raised before the district court nor even in the Secretary's appellate brief. Normally either of these omissions would close the door to our consideration of a matter. However, an Eleventh Amendment defense is exceptional, in that it "need not be raised in the district court," *Edelman v. Jordan*, 415 U.S. 651, 678, 94 S.Ct. 1347, 1363, 39 L.Ed.2d 662 (1974), and may be considered by the circuit court even upon its own motion. *See* C. Wright, A. Miller & E. Cooper, 13 *Federal Practice & Procedure* § 3524, at 167–71 (1984). We turn now, therefore, to defendant's Eleventh Amendment claim.

In *Edelman v. Jordan*, the Supreme Court of the United States held that a federal district court's awarding of retroactive welfare benefits wrongfully withheld by state officials violated the Eleventh Amendment. *Edelman* was an attempt to draw a fine balance between the power of the federal courts under *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), to enjoin state officers to conform their *future* conduct to the requirements of federal law and the Constitution, and the principles of the Eleventh Amendment barring an action against a state that seeks to impose a liability which must be paid from public funds. In essence, "[t]he distinction between the relief permissible under the doctrine of *Ex Parte Young* and that found barred in *Edelman* [is] the difference between prospective relief on one hand, and retrospective relief on the other." *Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979). In a 42 U.S.C. § 1983 action, the federal courts' remedial power "may not include a retroactive award which requires the payment of funds from the state treasury." *Fernandez v. Chardon*, 681 F.2d 42, 59 (1st Cir.), *cert. denied*, 459 U.S. 989, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982) (quoting *Edelman v. Jordan*, 415 U.S. at 677, 94 S.Ct. at 1362).

■ It is undisputed that Echevarria's back pay award would be directly paid by the Commonwealth of Puerto Rico. The default judgment was entered against the Secretary of Agriculture in *his official*, not in his personal capacity. Because there is no personal jurisdiction over Gonzalez Chapel, the official who discharged plaintiff, in his personal capacity, the judgment cannot possibly be construed as imposing liability upon the guilty official in his personal capacity. The principles of the Eleventh Amendment must therefore come into play.[7]

In *Fernandez v. Chardon*, 681 F.2d at 59, we held that an award of back pay against a department of the Commonwealth of Puerto Rico cannot stand, even if it is "ancillary" to the prospective relief of reinstatement. "The back pay and reinstatement remedies are entirely distinct.... [The back pay award] is plainly retroactive relief requiring the payment of funds from the state treasury." *Id.* We therefore hold that the back pay award against the Secretary of Agriculture in his official capacity is barred by the Eleventh Amendment.

The appeal from the district court's judgment of January 20, 1987, is dismissed for want of jurisdiction. The order of the dis-

---

**7.** The Commonwealth of Puerto Rico enjoys the full benefits of the Eleventh Amendment. *Ezratty v. Commonwealth of Puerto Rico*, 648 F.2d 770, 776 n. 7 (1st Cir.1981).

trict court denying defendant's Rule 60(b) motion is vacated and the case remanded with direction to enter a new order invalidating so much of the judgment as directs the defendant Secretary of Agriculture to award back pay to plaintiff.

*So ordered.*