Victor **LOPEZ**, et al.,
**Plaintiffs, Appellants,**

v.

**CORPORACIÓN AZUCARERA de PUERTO RICO, Defendant, Appellee.**

No. 90–1478.

United States Court of Appeals, First Circuit.

July 29, 1991.

**1512**

Blas C. Herrero, Jr. and Elisa A. Fumero Perez, on brief, for plaintiffs-appellants.

Edda Ivette Rodriguez, on brief, for defendant-appellee.

Before CAMPBELL, TORRUELLA and CYR, Circuit Judges.

CYR, Circuit Judge.

Appellants brought an action against Corporación Azucarera de Puerto Rico ("Azucarera"), a cane sugar producer, to recover overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Appellants ask us to vacate the district court judgment dismissing their action. We affirm in part, vacate in part, and remand for further proceedings.

---

**1.** The court ruled that the two-year old claims of the four other appellants were time-barred as well, but that their less mature claims remained actionable.

I

DISCUSSION

A. *Appellate Jurisdiction*

The muddled procedural posture of the case requires us to address certain jurisdictional considerations at the outset. *See, e.g., Mansfield, Coldwater, & Lake Michigan R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884); *In re Recticel Foam Corp.,* 859 F.2d 1000, 1002 (1st Cir.1988). *See also Koerpel v. Heckler,* 797 F.2d 858, 861 (10th Cir.1986) ("Inasmuch as federal courts are courts of limited jurisdiction, the court may and, in fact, has an obligation to inquire into its jurisdiction *sua sponte.*").

■ On October 2, 1989, the district court granted partial summary judgment ("first summary judgment") against two of the appellants, Lopez and Pena, on the ground that all their claims were time-barred under the two-year statute of limitations applicable to nonwillful FLSA claims. *See* 29 U.S.C. § 255(a).[1] At the same time, the district court ruled that FLSA § 13(h), which exempts certain cane sugar producers from paying overtime for work performed during the harvest season, *see* 29 U.S.C. § 213(h) ("harvest exemption"), rendered the claims of the four remaining appellants unenforceable insofar as their overtime work was alleged to have been performed during the harvest season.[2] The first summary judgment order did not purport to dismiss any of the claims of the four remaining appellants. Moreover, although it purportedly dismissed the claims of Lopez and Pena, the first summary judgment order remained nonappealable. *See* Fed.R.Civ.P. 54(b), 58. *See also Fiore v. Washington County Community Mental Health Center,* 936 F.2d 51 (1st Cir.1991); *Domegan v. Fair,* 859 F.2d 1059, 1061 (1st Cir.1988).

Azucarera filed a second motion for summary judgment, asserting that the claims

---

**2.** Appellants' response to the first motion for summary judgment expressed no opposition to Azucarera's "harvest exemption" defense.

of the four other appellants were not actionable by virtue of the harvest exemption. As appellants interposed no opposition, Azucarera's second motion for summary judgment was granted, and final judgment was entered on February 2, 1990, dismissing all claims ("second summary judgment"). On February 16, a motion for relief from judgment was filed by all six appellants "pursuant to Rule 6 and 60(b)." On February 26, while the motion for post judgment relief remained pending, appellants filed a notice of appeal from the second summary judgment. Appellants did not comply with our later order to show cause,[3] and on April 20 we dismissed the first appeal.

In the meantime, on April 10, the district court had denied the post judgment motion, for failure to satisfy the "due diligence" requirement of rule 60(b)(2) (permitting relief from judgment on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)").[4] On May 1, well beyond the thirty-day appeal period following the entry of the second summary judgment on February 2, *see* Fed.R.App.P. 4(a)(1),[5] appellants filed a second notice of appeal pursuant to the instruction contained in our April 2 order. *See supra* note 3.

**3.** On April 2, 1990, we entered the following order to show cause:

> Upon review of the record in this case, it appears that this court may not have jurisdiction to consider the appeal because, as the final judgment was docketed on February 2, 1990, but a motion for relief from judgment was filed on February 16, 1990, the notice of appeal, filed prior to the disposition of the motion for relief from judgment, would appear to be without effect. *See* Fed.R.App.P. 4(a)(4). *A new timely notice of appeal must be filed after the post judgment motion is adjudicated.*
>
> The appellant is ordered to either move for voluntary dismissal under Rule 42(b) F.R.A.P. or to show cause why this appeal should not be dismissed. The failure to take either action by April 10, 1990 may lead to dismissal for failure to prosecute.
> (Emphasis added).

**4.** Rule 59(b) requires service of a motion for rehearing "not later than 10 days after the entry

■ A motion for relief from judgment under rule 60(b), unlike motions under rules 50(b), 52(b) or 59(b) and (e), *see* Fed.R. App.P. 4(a)(4), does not affect the time for appealing from a final judgment. Fed.R. Civ.P. 60(b) ("A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."). *See also Echevarria–Gonzalez v. Gonzalez–Chapel,* 849 F.2d 24, 26 (1st Cir.1988) ("a motion under Rule[ ] ... 60(b) does not toll the running of the 30–day appeal period.") (citing *Browder v. Illinois Department of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560, n. 7, 54 L.Ed.2d 521 (1978)). Although appellants' motion, entitled "Motion for Relief From Judgment," represented that it was being filed "pursuant to Rule 6 and 60(b) of the Federal Rules of Civil Procedure," we subscribe to the majority view that "a motion which ask[s] the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)."[6] *Appeal of Sun Pipe Line Co.,* 831 F.2d 22, 24 (1st Cir.1987), *cert. denied,* 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988). *See also* 9 J. Moore, B. Ward, & J. Lucas, *Moore's Federal Practice* ¶ 204.12[1] (2d ed. 1991) ("a motion, although characterized as one under Rule 60(b), which is [served] within 10 days of the entry of judgment and questions the

of the judgment." Fed.R.Civ.P. 59(b). Thus, rule 60(b)(2) implicitly directed that the newly-discovered evidence adverted to in appellants' post judgment motion be evaluated under either rule 59(a)(2) (rehearing), or rule 59(e) (motion to amend judgment), since the motion was timely under rules 6 and 59(b), (e). *See infra* note 9.

**5.** Federal Rule of Appellate Procedure 4(a)(1) provides in part:

> In a civil case ... the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the *date of entry* of the judgment or order appealed from....
> Fed.R.App.P. 4(a)(1) (emphasis added).

**6.** Except as indicated above, rule 6, which governs the computation of time periods under the Federal Rules of Civil Procedure, would have had no bearing whatever were appellants' post judgment motion truly a rule 60(b) motion, rather than a rule 59 motion. *See supra* note 4; *see also infra* notes 7, 9.

correctness of the judgment, will be considered a functional Rule 59 motion and will postpone the time to appeal until the entry of the order disposing of it.") [hereinafter *"Moore's "*]; note 4 *supra.*

▬ Appellants' post judgment motion resembled a rule 60(b) motion in only one, superficial respect.[7] The substantive indicia emblematic of rule 59 motions plainly predominated; characteristically, the motion directly questioned the correctness of the final judgment.[8] *See Rodriguez–Antuna v. Chase Manhattan Bank Corp.*, 871 F.2d 1, 2 (1st Cir.1989) ("It is settled law in this circuit that a motion which asks the court to modify its earlier disposition of a case solely because of an ostensibly erroneous legal result is brought under Fed.R. Civ.P. 59(e)"); *Silk v. Sandoval*, 435 F.2d 1266, 1267–68 (1st Cir.) (relief from error of law is available under rule 59(e)), *cert. denied*, 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971). *See also National Metal Finishing Co., Inc. v. Barclays-American/Commercial, Inc.*, 899 F.2d 119, 124 (1st Cir.1990) ("Thus, under either Rule 52(b) or Rule 59(e), the district court below had the power to amend its findings of fact and conclusions of law even when doing so resulted in the reversal of its initial judgment."). Appellants' supporting memorandum did not cite or rely on any authority construing rule 60(b), nor, with the exception previously noted, *see supra*

note 7 and accompanying text, did it even suggest a ground for relief from judgment under rule 60(b). *Compare Echevarria-Gonzalez*, 849 F.2d at 26 (post judgment motion brought under rule 60(b) could not be construed as rule 59(e) motion, since it relied, *inter alia*, on the specific language of rule 60(b) and the cases construing it, argued rule 60(b)(1) and (4) in particular, and was filed in opposition to a default judgment). Finally, the motion was served within ten days of the entry of final judgment, as permitted under rules 6 and 59(b), (e).[9]

We consequently conclude that appellants' post judgment motion is to be treated as a request for rehearing, *see* Fed.R.Civ.P. 59(a), (b), or to amend the judgment, *see id.* 59(e), which suspended the thirty-day appeal period until the order denying the motion was entered on April 11. Accordingly, the notice of appeal filed on May 1, 1990, was timely, and the various district court rulings undergirding the second summary judgment are subject to appellate review on the merits.

### B. *Merits*

#### 1. First Summary Judgment

▬ The first summary judgment was based on the district court ruling that all appellants' claims were subject to the two-

---

**7.** The principal thrust of the motion was that the district court improperly applied the harvest exemption to their overtime claims. Their argument was predicated in substantial part on a 1974 policy statement in which Azucarera allegedly "de-exempted itself from the FLSA harvest exemption." The motion characterized the Azucarera policy statement as "newly discovered" evidence. *See* Fed.R.Civ.P. 60(b)(2). The district court ruled that appellants had failed to meet the "due diligence" requirement under rule 60(b)(2), since the Azucarera policy statement was in fact discovered months before the entry of final judgment.

**8.** The motion challenged the first summary judgment order principally on the ground that the court erroneously applied the harvest exemption. Appellants argued that Azucarera's 1974 policy statement rendered the harvest exemption inapplicable. Alternatively, appellants argued that the ruling exceeded the scope of the harvest exemption. Finally, through reference

to their November 13, 1989 motion for reconsideration, appellants attempted to challenge the second summary judgment order on the ground that their right to jury trial had been abridged by the factfinding on which the district court based its ruling that the two-year limitations period should apply because "[p]laintiffs herein have proffered no evidence indicating that Azucarera acted with knowledge or reckless disregard with respect to its obligations under FLSA."

**9.** The judgment was docketed on February 2. *See* Fed.R.App.P. 4(a)(6) (order "entered" when docketed pursuant to Fed.R.Civ.P. 58 and 79(a)). Appellants certified that their motion for post judgment relief was served on February 16, within the ten-day period allowed under rule 59(b), (e), *see* Fed.R.Civ.P. 59(b), (e) ("served not later than 10 days after entry of judgment"), as computed under Fed.R.Civ.P. 6(a) (prescribing method of computation of time period "less than 11 days").

year statute of limitations, *see* 29 U.S.C. § 255(a), applicable to nonwillful violations of the FLSA.

Plaintiffs herein have proffered no evidence indicating that Azucarera acted with knowledge or reckless disregard with respect to its obligations under FLSA. All plaintiffs have suggested is that on May 28, 1986 they informed defendant of their grievances and were denied. Nor have they given any convincing reason as to why the time period should be tolled. Therefore, in the first instance, the court holds that the two-year limitation term is applicable to this case.

The court concluded that all the overtime compensation claims of appellants Lopez and Pena were time-barred, whereas the less mature claims of the four remaining appellants escaped the two-year bar.

Our review of summary judgments is governed by familiar principles. "Summary judgment is warranted where the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine factual dispute *and the moving party was entitled to judgment as a matter of law.* Our review is plenary." *Siegal v. American Honda,* 921 F.2d 15, 17 (1st Cir.1990) (citations omitted) (emphasis added). *See* Fed.R.Civ.P. 56(c).

We cannot conclude that the present summary judgment record, although viewed most favorably to appellants, raises any genuine issue of material fact concerning the willfulness of the FLSA violations alleged against Azucarera. A violation of the FLSA cannot be considered willful unless the employer acted not only unreasonably, but recklessly. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 135 n. 13, 108 S.Ct. 1677, 1682 n. 13, 100 L.Ed.2d 115 (1988) ("If an employer acts unreasonably, but not recklessly, in determining its legal obligation ... its action ... should not be ... considered [willful] under ... the ... standard we approve today.").[10]

We might have had little difficulty concluding that a genuine issue of material fact was raised as to the willfulness issue if appellants had attested to the truth of their counsel's statement, albeit somewhat conclusory, that Azucarera "forbade them from filling in the hours worked in their time cards, in order to exempt them from the benefits of the [FLSA]." The brief in opposition to the first motion for summary judgment argued that Azucarera "turned the plaintiffs through flamboyant titles into administrative employees, set a fixed salary for them, and forbade them from filling in the hours worked in their time cards, in order to exempt them from the benefits of the Fair Labor Standards Act." Appellants' affidavits neither attested to the truth of this statement, nor to any specific fact relevant to the willfulness issue. *See* Fed.R.Civ.P. 56(e) ("adverse party's response, by affidavits ..., must set forth specific facts showing that there is a genuine issue for trial.").[11] As appellants

---

**10.** *McLaughlin,* 486 U.S. at 131 n. 1, 108 S.Ct. at 1680 n. 1, rejected a willfulness standard almost identical to that previously approved by us in *Secretary of Labor v. Daylight Dairy Products, Inc.,* 779 F.2d 784, 789 (1st Cir.1985).

**11.** Each appellant submitted an identical sworn statement, except for name, residence, social security number and job title.

1. That I was employed by Corporación Azucarera de Puerto Rico which is a sugar mill operated by defendant Corporación Azucarera de Puerto Rico.

2. That I have personal knowledge of the matters hereinafter referred to, and make this sworn statement in support of plaintiff's Motion in Opposition to Motion for Summary Judgment.

3. That my job title was [ ] but my duties are were as it is said in the Memorandum of

Law in support of plaintiffs Motion in Opposition to Motion for Summary Judgment.

4. That the facts have been read to me, after being sworn I under oath state that they are true as they pertain to me to my best knowledge and belief.

Paragraph 2 attests only that the affiant has "personal knowledge," *see* Fed.R.Civ.P. 56(e), of "the matters *hereinafter referred to...."* (emphasis added). The only matters "hereinafter referred to" are the affiant's job title and *"duties* as [stated] in the Memorandum of Law," *id.* ¶ 3 (emphasis added). The memorandum of law in turn separately recites the job title and *duties* of each affiant. Finally, ¶ 4 contains the restrictively phrased attestation "[t]hat the *facts* have been read to [affiant], after being sworn I under oath state that *they* are true *as they pertain to me* to my best knowledge and belief." (emphasis added). Nowhere does the affiant attest to

failed to make a competent demonstration that there was any trialworthy issue as to whether Azucarera "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute," *McLaughlin*, 486 U.S. at 133, 108 S.Ct. at 1681, no genuine issue of material fact impeded summary judgment on the issue of the applicability of the two-year limitations period.

### 2. Second Summary Judgment

Appellants argue that the second summary judgment was predicated on an erroneous application of the harvest exemption. The second motion for summary judgment, which was not opposed by appellants, expressly relied on the earlier district court ruling "that the [four] remaining plaintiffs were barred from claiming compensation for overtime worked during the harvest season...." [12] Azucarera submitted time cards purporting to demonstrate that the overtime claims of the four remaining appellants were based entirely on work performed during the harvest season. The district court allowed Azucarera's second motion for summary judgment because appellants neither interposed opposition nor "submitted any evidence to rebut defendant's factual contentions." Reiterating its earlier conclusion of law, the district court mistakenly dismissed all remaining claims in their entirety, on the ground that

appellants "could not pursue an action for overtime wages for work performed during the sugar cane harvesting season."

■ The moving party invariably bears both the initial and the ultimate burden of demonstrating its legal entitlement to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986); *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Just as "[t]he nonmoving party cannot fend off summary judgment unless it makes a competent demonstration that *every essential element* of its claim or defense is at least trialworthy," *Price v. General Motors Corp.*, 931 F.2d 162, 164 (1st Cir.1991) (emphasis in original), the moving party cannot prevail on its motion for summary judgment if *any essential element* of its claim or defense requires trial. *See Meyers v. Brooks Shoe Inc.*, 912 F.2d 1459, 1461 (Fed.Cir.1990) (moving party must demonstrate that "undisputed facts establish every element of [its] claim or defense."); *Paul v. Monts*, 906 F.2d 1468, 1474 (10th Cir.1990) ("[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."); *see also Bias v. Advantage International, Inc.*, 905 F.2d 1558,

---

the truth of any "facts" other than those referred to in ¶¶ 3 and 4 "as they pertain to [the affiant]." Thus, even the reference to the memorandum of law is confined to the facts relating to the individual affiant's job title and *duties*. The affidavits simply do not attest to the truth of any statement regarding the alleged conduct of Azucarera. Moreover, the affidavits do not "show affirmatively that the affiant is competent to testify" to any statement made by their counsel. *See* Fed.R.Civ.P. 56(e). The statements and argument of counsel in a memorandum of law are not competent to support or oppose a motion for summary judgment under rule 56(e). *See Transurface Carriers, Inc. v. Ford Motor Co.*, 738 F.2d 42, 46 (1st Cir.1984) ("Mere assertions of counsel made in a legal memorandum are insufficient to establish the existence of a genuine issue of material fact.").

**12.** In its first motion for summary judgment, Azucarera contended that "any claim for overtime during the harvest season would thus be limited to whatever time, if any, was worked in

excess of the limits of time included in 29 U.S.C. § 213(h)." The district court, however, noting that appellants had not challenged this contention, mistakenly concluded that the claims of the four remaining appellants were limited "so as to exclude monies allegedly owing in overtime for work performed during the ten to twelve weeks of the harvest season." Thus, whereas Azucarera's first motion merely requested summary judgment limiting its liability to harvest season overtime worked *in excess of ten hours per day or forty-eight hours per week, see infra* note 13, the district court ruled invalid all overtime harvest season compensation claims in their entirety. Yet appellants still asserted no objection either to the first summary judgment order or to the second motion for summary judgment. Only in their motion for post judgment relief did appellants finally point out to the district court the contention now urged on appeal.

1560–61 (D.C.Cir.) ("moving party must explain its reasons for concluding that the record does not reveal any genuine issues of material fact, and must make a showing supporting its claims insofar as those claims involve issues on which it will bear the burden at trial."), *cert. denied,* —— U.S. ——, 111 S.Ct. 387, 112 L.Ed.2d 397 (1990). Only on a properly supported motion for summary judgment does "the burden shift[ ] to the nonmovant to establish the existence of a genuine material issue." *F.D.I.C. v. Municipality of Ponce,* 904 F.2d 740, 743 (1st Cir.1990) (citation omitted); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). *See generally* 6 *Moore's* ¶ 56.15[3].

■ The employer bears the burden of establishing that it comes within the harvest exemption. *See Secretary of Labor v. DeSisto,* 929 F.2d 789, 797 (1st Cir.1991) (citing *Arnold v. Ben Kanowsky,* 361 U.S. 388, 394 and n. 11, 80 S.Ct. 453, 457 and n. 11, 4 L.Ed.2d 393 (1960)); *see also Abshire v. County of Kern,* 908 F.2d 483, 485–86 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 785, 112 L.Ed.2d 848 (1991). On its second motion for summary judgment, Azucarera bore the burden of establishing that no portion of the overtime claims of the four remaining appellants was actionable in the face of the harvest exemption. In order to sustain its burden, Azucarera would have had to demonstrate, *inter alia,* that the four remaining appellants never worked over ten hours a day or over forty-eight hours a week during the harvest season. *See* 29 U.S.C. § 213(h)(2)(A), (B).[13] Azucarera has never intimated that all hours worked by the appellants during the harvest season were within these exemp-

tion limits, but merely that all of their claims were for work performed during the harvest season. Thus, Azucarera failed to demonstrate that it was entitled to summary judgment as a matter of law on the entire amount of the overtime claims of each appellant.

■ The fact that appellants failed to interpose timely opposition to the second motion for summary judgment is not conclusive. The failure of the nonmoving party to respond to a summary judgment motion does not in itself justify summary judgment. *Jaroma v. Massey,* 873 F.2d 17 (1st Cir.1989). Rather, before granting an unopposed summary judgment motion, "[t]he court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." *Id.* at 20. *See also Stepanischen v. Merchants Despatch Transportation Corp.,* 722 F.2d 922, 929 (1st Cir.1983) (where motion does not establish absence of genuine issue, summary judgment must be denied even though unopposed); 6 *Moore's* ¶ 56.22[2] at 56–777 ("[T]he party moving for summary judgment has the burden to show that he is entitled to judgment under established principles; and if he does not discharge that burden then he is not entitled to judgment. No defense to an insufficient showing is required.")

## II

## CONCLUSION

Accordingly, we affirm the judgment dismissing the claims of appellants Lopez and Pena, vacate the judgment dismissing the timely-filed claims of the four remaining appellants, and remand for further pro-

---

**13.** Section 13(h) of the FLSA provides:

(h) The provisions of section 207 of this title shall not apply for a period or periods of not more than fourteen workweeks in the aggregate in any calendar year to any employee who—

(1) is employed by such employer....

(D) exclusively to provide services necessary and incidental to the processing of sugar cane or sugar beets in an establishment primarily engaged in the processing of sugar cane or sugar beets; *and*

(2) receives for—

(A) such employment by such employer which is in excess of ten hours in any workday, and

(B) such employment by such employer which is in excess of forty-eight hours in any workweek,

compensation at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 213(h) (emphasis added).

ceedings, consistent with this opinion, before the same district judge.

*Affirmed in part, vacated in part, and remanded for further proceedings. No Costs.*