Taube Investment v. Parker          CV-92-494-B    08/12/93

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE


Taube Investment Corp.

    v.                                          Civ. No. 92-494-B

Gerald Parker, et al.


**O R D E R**


Taube Investment Corporation ("TIC") commenced this action in April 1992 by filing a bill of interpleader in the Superior Court of New Hampshire, naming as respondents all parties who had recorded interests in the proceeds remaining from the foreclosure of a second mortgage deeded to TIC by Gerald Parker. TIC then sought, and obtained, dismissal from the state court action. Two months later, on September 24, 1992, the government removed the case to this court pursuant to 28 U.S.C. § 1441. At this juncture, one motion is pending: the government's unopposed motion for summary judgment (document no. 12). For reasons stated below, this motion is granted.

# I. The Standard of Review

Rule 56(e) of the Federal Rules of Civil Procedure provides that "if the adverse party does not [file an opposition], summary judgment, _if appropriate_, shall be entered against the adverse party." Fed. R. Civ. P. 56(e) (emphasis added). The First Circuit has made it clear that

> the failure of a non-moving party to file timely opposition to a motion for summary judgment, does not, in itself, justify entry of summary judgment against that party, but that "the district court [is] still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate."

_Mullen v. St. Paul & Fire Ins. Co._, 972 F.2d 446, 452 (1st Cir. 1992) (quoting _Kelly v. United States_, 924 F.2d 355, 358 (1st Cir. 1991)); _accord_ _Lopez v. Corporacion Azucarera de Puerto Rico_, 938 F.2d 1510, 1516 (1st Cir. 1991). However, the opposing party, by failing to submit a written objection and memorandum as required by Local Rule 11(d),[1] waives the right to controvert the facts asserted by the moving party. _Jaroma v. Massey_, 873 F.2d

---

[1]Local Rule 11(d) states that, unless the opposing party files a written objection and memorandum to the motion, "he shall be deemed to have waived objection, and the court may act on the motion."

2

17, 21 (1st Cir. 1989) (construing Rule 11 of the Rules of the United States District Court for the District of New Hampshire). The district court must then

> accept as true all material facts set forth by the moving party with appropriate record support. If those facts entitle the moving party to judgment as a matter of law, summary judgment will be granted.

Id.

## II. The Merits

After reviewing the exhibits and memorandum of law filed by the government in support of its motion for summary judgment, I conclude that the government has met its burden of demonstrating "the absence of any material factual issue as a matter of law." See id. The uncontroverted facts are as follows:

(1) On or about June 26, 1989, and May 28, 1990, the Secretary of the Treasury made assessments against Gerald Parker for Form 1040 Federal Income Taxes for 1987 and 1989 in the amounts of $92,351.64 and $22,629.00, respectively. See Ex. 1.

(2) On or about June 11, 1990, and September 3, 1990, the Secretary of the Treasury made assessments against Gerald Parker d/b/a Bird Bath Commercial Laundry for unpaid withholding and Federal Insurance Contributions Act taxes for the first and second quarters of 1990 in the amounts of $12,439.18 and $2,500.79, respectively. See Ex. 2.

(3) Despite proper notice, Gerald Parker failed to fully pay the assessments plus statutory additions.

(4) Pursuant to 26 U.S.C. §§ 6321-6322, the failure to pay the federal tax assessments made against him, after notice and demand, created federal liens attaching to all of Gerald Parker's property on the dates the assessments were made.

(5) Notices of the federal liens were filed with the Hillsborough County Registrar of Deeds on December 26, 1990.

(6) On or about April 20, 1990, William S. Gilman secured, and recorded, an attachment on Gerald Parker's property pursuant to a writ of attachment issued and served in the case of Gilman v. Parker, Hillsborough County Case No. C-90-935. As of this date, however, there is no record that Gilman has obtained or recorded a judgment against Parker.

(7) On or about December 3, 1990, Lucille Parker secured, and recorded, an attachment on Gerald Parker's property pursuant to a writ of attachment issued and served in the case of Parker v. Parker, Hillsborough County Case No. C-90-3357. As of this date, however, there is no record that Lucille Parker has obtained or recorded a judgment against Gerald Parker.

Federal law governs the priority of a tax lien against other rights to property. See, e.g., Aquilino v. United States, 363 U.S. 509, 513-14 (1960); United States v. Security Trust & Savings Bank, 340 U.S. 47, 49 (1950). And, under federal law, the rule of "first in time, first in right" generally determines priority. United States v. Equitable Life Assurance Society of the U.S., 384 U.S. 323, 327 (1966). To be considered "first in

4

time," the attachment lien must be "choate," that is, perfected. See United States v. Acri, 348 U.S. 211, 212-214 (1955); Security Trust & Savings Bank, 340 U.S. at 50. Because attachments are contingent or inchoate -- giving no right to proceed against the property unless judgment is obtained -- they are insufficient to defeat the federal priority. See Acri, 348 U.S. at 212-214; Security Trust & Savings Bank, 340 U.S. at 50. Accordingly, the government's tax lien is prior in right to the claims of the remaining respondents in this action.

### III. CONCLUSION

The government's motion for summary judgment (document no. 12) is granted. Unless an objection is filed on or before September 7, 1993, the Clerk of Court is directed to turn the funds paid in escrow over to the United States to be applied to the federal tax liability of Gerald Parker.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

August 12, 1993

cc: Gerald Parker
    Carolyn M. Kirby, Esq.

5

William S. Gillman
Diane M. Puckhaber, Esq.
John V. Cardone, Esq.