Reich v. Sturm                        CV-94-373-M    10/04/95
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Robert B. Reich, Secretary of Labor,
United States Department of Labor,
     Plaintiff,

     v.                                        Civil No. 94-373-M

Sturm, Ruger & Company, Inc.,
     Defendant.


                             O R D E R


     By Order dated August 4, 1995 (the "Order"), the court

granted the Secretary's Application for an Order Enforcing an

Administrative Subpoena.  On August 16, 1995, Sturm, Ruger &

Company, Inc. (the "Company") filed a Notice of Appeal to the

Court of Appeals for the First Circuit.  Presently pending before

the court are the Company's motion to stay enforcement of the

Order pending appeal and a motion for reconsideration, which were

also filed on August 16, 1995.  For the reasons set forth below,

those motions are denied.


I.   Motion for Reconsideration.

     The Company submits its motion for reconsideration pursuant

to Fed.R.Civ.P. 59(a) (motion for new trial).  However, it seems

more appropriate to consider the Company's motion in the context

of Rule 59(e) (motion to alter or amend judgment).  See, e.g., Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1513 (1st Cir. 1991) ("we subscribe to the majority view that `a motion which asks the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)'") (citations omitted).  And, because the Company has failed to point to any manifest error of law or fact in the Order, the discovery of new and material evidence, or an intervening change in the law, it has not demonstrated that it is entitled to an amendment of the court's earlier judgment. Jorge Rivera Surillo & Co. v. Falconer Glass Industries, Inc., 37 F.3d 25, 29 (1st Cir. 1994); Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90-91 n.3 (1st Cir. 1993), cert. denied, 114 S.Ct. 2133 (1994); National Metal Finishing Co. v. BarclaysAmerican/ Commercial, Inc., 899 F.2d 119, 124 n.2 (1st Cir. 1990).

Although not made clear previously, the parties agree that the Company did properly pursue (and apparently continues to pursue) administrative remedies available to challenge the citation issued by the Secretary based on the Company's failure

to comply with his administrative subpoena.[1]  That fact does not, however, affect the court's earlier conclusion that the validity of the citation is not properly before it in this case. Actually, it renders the need for collateral relief in this forum entirely moot because the specific statutory procedure for obtaining judicial review of the citation has been invoked. Whether the citation is valid is a matter to be resolved administratively in the first instance, and eventually by the Court of Appeals.  29 U.S.C. §§659(c) and 660(a).

II.  Motion for Stay.

The Company next argues that the court should stay enforcement of the Order pending resolution of the Company's appeal.  The court disagrees.  The Company has continuously represented that it would have gladly turned over the subpoenaed documents, provided the Secretary agreed not to use them in an enforcement action against it.  Accordingly, no actual harm to the Company will be occasioned by its compliance with the subpoena that cannot be easily remedied should the Company prevail on appeal.  If the Court of Appeals resolves this matter

---

[1]  Because it was unclear from the record, the court noted that "the Company apparently failed to give timely notice of its intent to contest the citation . . .."  Order, at 27.

3

before the Secretary initiates an enforcement action, the Secretary's decision in that respect will no doubt be consistent with the established law. If the Secretary acts before the appeal is resolved, the Court of Appeals will be in a position to fashion an appropriate interim remedy, as needed. Moreover, as discussed more completely in the Order, public policy considerations weigh heavily against permitting further delay in the production of the requested documents.

III. <u>The Company's Request for a Hearing</u>.

Although counsel for the Company requests a hearing, its bases for that request are vague and general. The issues raised by the Company in the pending motions appear to be almost entirely legal ones which have been fully and adequately briefed by both parties. Accordingly, the court has determined that oral argument at this juncture would not be useful.

## Conclusion

For the foregoing reasons, defendant's Motion to Stay (document no. 31), its Motion for Reconsideration (document no. 32), and its Request for Hearing (document no. 33) are denied.

4

SO ORDERED.

                                                      _____
                                                      Steven J. McAuliffe
                                                      United States District Judge

October 4, 1995

cc:   David L. Baskin, Esq.
       Gretchen Leah Witt, Esq.
       Jeremy Ritzenberg, Esq.