USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1080 RESOLUTION TRUST CORPORATION, AS RECEIVER FOR COMFED SAVINGS BANK, F.A., Plaintiff, Appellee, v. HAROLD GOLD AND GRAPHICS LEASING CORP., Defendants, Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Breyer,* Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Leonard M. Singer, with whom Heidlage & Reece, P.C. was on brief _________________ _______________________ for appellants. Michael J. Engelberg, with whom Ronald M. Jacobs and Nutter, _____________________ _________________ _______ McClennen & Fish were on brief for appellee. ________________ ____________________ July 27, 1994 ____________________ ____________________ *Chief Judge Stephen Breyer heard oral argument in this matter, but did not participate in the drafting or the issuance of the panel opinion. The remaining two panelists therefore issue this opinion pursuant to 28 U.S.C. 46(d). CYR, Circuit Judge. Resolution Trust Company (RTC or CYR, Circuit Judge ______________ appellee), as receiver for ComFed Savings Bank (ComFed), brought the present action on July 13, 1993, to recover monies allegedly due from defendants-appellants Harold M. Gold and Graphics Leasing Corporation (collectively, "Gold") under their joint guaranty of loans ComFed made to First Equity Funding Corpora- tion. Gold did not answer until RTC filed its motion for entry of default. The late answer admitted the guaranty, contesting only the amount claimed by RTC. It asserted no affirmative ______ defenses. On September 20, RTC moved for summary judgment. After failing to file timely opposition, see D. Mass. Loc. R. ___ 7.1(b)(2), Gold requested more time for discovery, see Fed. R. ___ Civ. P. 56(f), and, on October 22, sought leave to amend its answer to interpose four affirmative defenses, see Fed. R. Civ. ___ P. 15(a). The district court thereafter entered summary judgment for RTC and summarily denied Gold's belated request for leave to amend its answer, without ruling on the request for additional discovery, and Gold appealed. We affirm. I I DISCUSSION DISCUSSION __________ Leave to Amend Leave to Amend ______________ 2 We review denials of leave to amend under Rule 15 for abuse of discretion, deferring to the district court for any adequate reason apparent from the record. Demars v. General ______ _______ Dynamics Corp., 779 F.2d 95, 99 (1st Cir. 1985); Farkas v. Texas ______________ ______ _____ Instruments, Inc., 429 F.2d 849, 851 (1st Cir. 1970), cert. __________________ ____ denied, 401 U.S. 974 (1971). Leave to amend is to be "freely ______ given," Fed. R. Civ. P. 15(a), unless it would be futile, North- ______ east Fed. Credit Union v. Neves, 837 F.2d 531, 536 (1st Cir. ________________________ _____ 1988), or reward, inter alia, undue or intended delay, see Foman _____ ____ ___ _____ v. Davis, 371 U.S. 178, 182 (1962). As the Rule 15 motion in the _____ present case was not filed until after RTC moved for summary judgment, Gold was required to demonstrate to the district court that the proposed amendments were supported by "substantial and convincing evidence." Torres-Matos v. St. Lawrence Garment Co., ____________ _________________________ Inc., 901 F.2d 1144, 1146 (1st Cir. 1990) (citations omitted). ____ There was no such showing. The first claim Gold advances on appeal is that RTC waived its contractual right to immediate payment on default, an affirmative defense Gold sought to interpose in its tardy motion to amend. The proffered defense is frivolous. The ComFed demand note provides that, upon default, the ____ _______ entire loan balance becomes "immediately due and payable without notice or demand of any kind." Gold concedes that no principal or interest payments were ever made after September 15, 1991. The note further provides that failure to pay any amount, within 3 ten days after it is due, constitutes an event of default. The waiver claim is based on the belated affidavit of Jeffery Stitt a Gold consultant submitted with Gold's untimely motion for further discovery under Rule 56(f). Stitt's conclusory charac- terizations of alleged parol discussions with anonymous RTC employees at unidentified times fall far short of "clear and convincing evidence," id., of "decisive and unequivocal conduct ___ indicating that [RTC] would not insist that the contractual provision at issue be performed," Brennan v. Carvel Corp., 929 _______ _____________ F.2d 801, 810 (1st Cir. 1991) (citations omitted) (applying Mass. law). Indeed, the Stitt affidavit does not constitute competent evidence as required by Fed. R. Civ. P. 56(e). See Lopez v. ___ _____ Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1515-16 (1st ____________________________________ Cir. 1991) (Rule 56(e) requires that affidavits filed in opposi- tion to summary judgment be based on competent evidence). As its "Second Affirmative Defense," the proposed amended answer simply alleged that "The Complaint is barred by the doctrine of estoppel." Gold presented neither explication nor argumentation in support of the estoppel claim in the dis- trict court. McCoy v. Massachusetts Inst. of Tech., 950 F.2d 13, _____ ____________________________ 22 (1st Cir. 1991) ("theories not raised squarely in the district court cannot be surfaced for the first time on appeal."), cert. ____ denied, 112 S. Ct. 1939 (1992). Nor does Gold discuss the ______ estoppel claim on appeal. Thus, even if the estoppel claim had been pleaded and preserved below, it would be deemed to have been 4 waived on appeal. See, e.g., Rhode Island Hosp. Trust Nat'l Bank ___ ____ ___________________________________ v. Howard Communications Corp., 980 F.2d 823, 828 n.8 (1st Cir. ___________________________ 1992). The third affirmative defense, predicated on Gold's alleged entitlement to a one-year grace period to cure the default, fails due to the absence of competent evidence of an enforceable waiver and the fact that the default was never cured. See supra pp. 3-4. ___ _____ Finally, the proposed amended answer asserts based exclusively on "information and belief" that ComFed failed to require the borrower to submit appraisals substantiating the 75% loan-to-collateral-value ratio required under the note, which allegedly placed Gold at undue risk under its unconditional loan guaranty. Not only does Gold point to no evidentiary basis for its "information and belief," it fails even to intimate that such evidence exists. Moreover, Gold's attempt at delaying the inevitable adverse judgment would have failed for lack of compe- tent evidence even if interposed in a timely manner. See Fed. R. ___ Civ. P. 56(e); Mesnick v. General Elec. Co., 950 F.2d 816, 822 _______ _________________ (1st Cir. 1991) (where nonmovant has ultimate burden of proof on matter at issue, summary judgment motion must be met by "defi- nite, competent evidence"), cert. denied, 112 S. Ct. 2965 (1992). ____ ______ Similarly, Gold's perfunctory assertion falls far short of the "convincing evidence" required to establish a "substantial" defense. See Torres-Matos, 901 F.2d at 1146. Lastly, this ___ ____________ 5 "defense" is precluded by the express terms of the loan guaranty: "[Gold] hereby waives any other act or omission of the Bank (except acts or omissions in bad faith) which changes the scope of [Gold's] risk." Gold has not alleged bad faith. In sum, the motion for leave to amend, proffered at the eleventh hour to fend off summary judgment, proposed four patent- ly futile affirmative defenses fully meriting summary rejection. Jackson v. Salon, 614 F.2d 15, 17 (1st Cir. 1980); see also _______ _____ ___ ____ Neves, 837 F.2d at 536 ("Federal courts need not tiptoe through _____ empty formalities to reach foreordained results."). Summary Judgment Summary Judgment ________________ Gold failed to oppose RTC's motion for summary judgment within the fourteen-day period prescribed by local rule. See D. ___ Mass. Loc. R. 7.1(b)(2). Of course, the failure to file timely opposition did not necessarily entitle RTC to summary judgment. Lopez, 938 F.2d at 1517; Mendez v. Banco Popular de Puerto Rico, _____ ______ ____________________________ 900 F.2d 4, 7 (1st Cir. 1990). Summary judgment was proper only if the record, viewed in the light most favorable to Gold, revealed no trialworthy issue of material fact and RTC was ___ ___ ___ entitled to judgment as a matter of law. Velez-Gomez v. SMA Life ________ __ ________ __ _ ______ __ ___ ___________ ________ Assur. Co., 8 F.3d 873, 875 (1st Cir. 1993); Lopez, 938 F.2d at __________ _____ 1517. On the other hand, Gold's untimely submissions need not have been considered by the district court in determining the 6 appropriateness of summary judgment. See Mendez, 900 F.2d at 7-8 ___ ______ (citing cases). RTC proffered competent evidence that Gold was liable in the amount claimed under its loan guaranty. Moreover, an examination of all of Gold's submissions timely as well as untimely has not disclosed a trialworthy issue of material fact relating either to the amount of the indebtedness or to any affirmative defense belatedly asserted in the district court. There is no basis for vacating summary judgment in these circum- stances.1 "Just Damages" Under Rule 38 "Just Damages" Under Rule 38 ___________________________ ____________________ 1Nevertheless, Gold frivolously contends on appeal that the district court committed reversible error in granting summary judgment without first ruling on Gold's late and groundless request for further discovery time, pursuant to Fed. R. Civ. P. 56(f). The request was predicated on the unsubstantiated specu- lation that it is logically possible that the amount owed under ________ the loan guaranty is different than the amount established by ___________ RTC. Since Gold does not even hint at any discoverable evidence ____________ ________ to substantiate this speculation, it has presented "no plausible basis for asserting a belief that 'specified' discoverable facts probably existed." Mattoon v. City of Pittsfield, 980 F.2d 1, 8 _______ __________________ (1st Cir. 1992) (citing Paterson-Leitch Co. v. Massachusetts ____________________ _____________ Munic. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988)). __________________________ Further, Gold made no attempt whatever to demonstrate the requi- site good cause for failing to conduct the discovery earlier. Id. It is all too clear, given Gold's dilatory tactics through- ___ out this litigation, that the Rule 56(f) initiative was simply a frivolous, last-ditch effort to stave off final judgment. We find no abuse of discretion in the district court's implicit denial of the Rule 56(f) motion in these circumstances. See id. ___ ___ (finding insufficient a Rule 56(f) affidavit which "merely conjecture[d] that something might be discovered but provide[d] no realistic basis for believing that further discovery would disclose evidence" of material facts). 7 Finally, RTC requests an award of "just damages," including attorney fees and double costs, pursuant to Fed. R. App. P. 38. Even though Gold failed to interpose opposition to an award of just damages, we have discussed its frivolous appel- late claims at undeserved length in order to demonstrate their dilatory aim and amenability to sanction. Moreover, Gold has offered no other plausible explanation, let alone a justifica- tion, for its dilatory litigation tactics below or on appeal. Accordingly, a reasonable attorney fee award and double costs shall be imposed against Gold for this frivolous, dilatory appeal. See Cowdell v. Cambridge Mut. Ins. Co., 808 F.2d 160, ___ _______ ________________________ 163 (1st Cir. 1986) (pursuant to Fed. R. App. P. 38, awarding double costs and attorney fee as just damages for frivolous appeal). The district court judgment is affirmed. Double costs The district court judgment is affirmed. Double costs ________________________________________ ____________ and a reasonable attorney fee are awarded to appellee, pursuant and a reasonable attorney fee are awarded to appellee, pursuant _________________________________________________________________ to Fed. R. App. P. 38, in an amount to be determined by the to Fed. R. App. P. 38, in an amount to be determined by the _________________________________________________________________ court. Appellee is allowed twenty days within which to submit court. Appellee is allowed twenty days within which to submit _____ ________________________________________________________ its bill of costs and an application for a reasonable attorney its bill of costs and an application for a reasonable attorney _________________________________________________________________ fee award relating to this appeal. A copy thereof is to be fee award relating to this appeal. A copy thereof is to be ____________________________________ _________________________ served upon appellant's counsel. Appellant shall be allowed served upon appellant's counsel. Appellant shall be allowed _________________________________ ____________________________ twenty days within which to file written objection to the amounts twenty days within which to file written objection to the amounts _________________________________________________________________ requested by appellee. SO ORDERED. requested by appellee. SO ORDERED. _____________________ __________ 8