Hampshire Paper v. Syndicate Sales    CV-97-273-JD   03/19/99

UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


<u>Hampshire Paper Corp.</u>

       v.                              Civil No. 97-273-JD

<u>Syndicate Sales, Inc.</u>


                           O R D E R


     Hampshire Paper Corporation brings an action alleging that

defendant, Syndicate Sales, Inc., has and continues to infringe

four patents owned by Hampshire relating to ceremonial aisle

runners with releasable adhesive.  Syndicate alleges

counterclaims of invalidity and noninfringement of Hampshire's

patents, and moves for summary judgment (document nos. 48, 49,

50) asserting that it has not infringed any of the four patents

at issue and, alternatively, that the patents are invalid

pursuant to 15 U.S.C.A. § 102(a) and (b).  In response, Hampshire

has withdrawn its claim as to one patent, but objects to summary

judgment on all other grounds.

     After the summary judgment motions were filed, Hampshire

moved for leave to amend its complaint to add a claim of

infringement of a fifth patent, U.S. Patent No. 5,849,384 ("'384

patent"), related to the other patents in suit (doc. no. 60).[1] Syndicate Sales objects, arguing that in light of the imminent trial date in the case, leave to amend should be denied. Syndicate also moves, however, for leave to file a reply to Hampshire's objection to summary judgment on noninfringement saying that "[t]he '384 patent provides additional evidence in support of Syndicate Sales' summary judgment motion which was unavailable to Syndicate Sales when the memorandum in support of summary judgment was written."

After the opposing party has answered the plaintiff's complaint, leave to amend is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Despite the liberal amendment policy, the court will not exercise its discretion to permit amendment if the defendant shows that there was undue delay in filing or that it would suffer undue prejudice if the amendment were allowed. Acosta-Mestre v. Hilton Internat'l, 156 F.3d 49, 51 (1st Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).[2] Undue prejudice is likely if an amendment is proposed

---

[1]Hampshire has voluntarily relinquished its claim based on one of the four patents originally in this suit, U.S. Patent No. 5,609,933, but has not complied with the requirements of Federal Rule of Civil Procedure 41(a) for disposition of the claim.

[2]Because a motion to amend pleadings does not raise issues unique to patent law, the law of the regional circuit governs. Datascope Corp. v. SMEC, Inc., 962 F.2d 1043, 1044 (Fed. Cir. 1992).

after the close of discovery or after motions for summary judgment have been filed.  See Grant v. News Group Boston, Inc., 55 F.3d 1, 5-6 (1st Cir. 1995); Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994).  When considerable time has elapsed between the initial complaint and a motion to amend, the plaintiff bears the burden of showing a valid reason for the delay.  Acosta-Mestre, 156 F.3d at 52.

As Syndicate points out, Hampshire filed its motion to amend approximately twenty months after filing suit.  Discovery is closed, and the case is scheduled for trial to begin on April 20, 1999.  In addition, Hampshire filed its motion to amend after Syndicate filed its motions for summary judgment.  These circumstances would ordinarily indicate undue delay and prejudice to Syndicate and might require that Hampshire show that its proposed amendment have "substantial merit and be supported by substantial and convincing evidence."  Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

Hampshire's new claim proposed for the amended complaint alleges infringement of the '384 patent that was not issued until December 15, 1998, long after Hampshire initially filed suit.  Although the '384 patent pertains to the same products that are at issue in Hampshire's other infringement claims, Hampshire's claim based on the '384 patent is also a separate claim of infringement.  There is no indication in the record that

3

Hampshire seeks to amend its complaint to defeat summary judgment.

Syndicate says that the '384 patent provides "additional evidence" pertinent to the infringement claims based on at least two of the other patents in this case. Given the apparent likelihood that the '384 patent will be used as evidence in this case and the likelihood that a separate suit will be filed to address the '384 patent alone if amendment were not allowed, the interests of justice and judicial economy would be best served by allowing Hampshire's proposed amendment.[3] The substantial prejudice that would result if the case were to proceed on its present schedule can be averted by continuing the trial now scheduled to begin in April and by reopening discovery only to the extent necessary to address the new claim. Accordingly, Hampshire's motion to amend the complaint is granted.

The pending motions for summary judgment, based on the claims in the present complaint and Syndicate's counterclaims, are denied without prejudice to refile dispositive motions addressing the claims in Hampshire's amended complaint and any counterclaims Syndicate may assert in response. Syndicate's related motions to strike the affidavit of Hampshire's expert

---

[3]Although it is less clear that the '384 patent would affect the '013 claims, it would not be appropriate to proceed with some rather than all of the claims.

witness and to enter judgment are also denied without prejudice. All of the motions to file additional materials related to the motions for summary judgment and motion to amend are denied.

If new dispositive motions are filed, the parties are placed on notice that the court expects them to present their arguments and authority in their supporting memoranda in the first instance, and to minimize or eliminate the necessity for a series of replies as has been their practice thus far. Furthermore, counsel are cautioned that the court expects them to refrain from overstatement and invective in their written materials, both of which do little to advance the merits of the case.[4]

---

[4]Some examples of ineffective pleading style taken from the motions for summary judgment, objections, and related materials are provided as guidance: (1) neither party addressed the applicable burdens of proof pertaining to summary judgment with respect to Syndicate's counterclaims; (2) Hampshire failed to properly resolve its withdrawn claim and Syndicate moved for sanctions and fees; (3) Hampshire filed an expert affidavit which it now acknowledges includes at least eight paragraphs that are either merely quotes from patents or are "conclusory in nature," and also represents that the affidavit, filed after the disclosure deadline, is supplemental disclosure; (4) Syndicate moved to strike the entire affidavit without adequate regard to the expert's disclosure on particular subject matter; (5) Syndicate submitted file histories for several patents after filing its motion for summary judgment and did not refer to the file histories in its memoranda making them irrelevant for purposes of summary judgment; (6) Syndicate submitted as separate exhibits a single unattested page following each patent, purportedly showing "new matter" added to the patent, see Fed. R. Civ. P. 56(e). The court expects better written advocacy in the future.

## Conclusion

For the foregoing reasons, Hampshire's motion for leave to file an amended complaint (document. no. 60) is granted. The trial scheduled to begin on April 20, 1999, is continued, and a second pretrial conference for purposes of establishing a new case plan will be scheduled within a reasonable time after Syndicate is served with the amended complaint and has filed its response. The necessity for a second pretrial conference can be avoided if counsel agree to a new case plan which should be filed within twenty days of the date of filing of Syndicate's answer.

Syndicate's motions for summary judgment (document nos. 48, 49, 50) are denied without prejudice. All exhibits and supplementary materials filed in support of and in opposition to the motions for summary judgment will be returned to counsel. Syndicate's motion to strike (document no. 61) is denied without prejudice. Syndicate's motions for leave to file a reply (document no. 69) and for entry of judgment (document no. 71) are denied. Hampshire's motion (document no. 72) to file a reply memorandum and to file a surreply (document no. 68) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

March 19, 1999
cc:  George R. Moore, Esquire
     Paul J. Hayes, Esquire
     William J. Thompson, Esquire
     Dwight D. Lueck, Esquire

6