Gabrielson v. Coyne                      CV-99-285-JD   07/31/01
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Nancy E. Gabrielson

      v.                                 Civil No. 99-285-JD
                                         Opinion No. 2001 DNH 135
T. Gary Coyne, et al.


                              O R D E R


     During the past month, counsel representing defendants Scott

Farah and Financial Resources and Assistance of the Lakes Region,

Inc. ("Financial Resources") withdrew and new counsel entered an

appearance on their behalf.[1]  The defendants' new counsel

immediately filed motions for leave to file an amended answer, to

compel mediation, and for a pretrial conference.  The plaintiff

objects to all three motions.

     The case arises from Gabrielson's failed investments, which

losses she alleges were caused by the defendants, Financial

Resources, Farah, who is the president of Financial Resources,

and T. Gary Coyne.  Gabrielson alleges that she was led to

believe that Coyne worked for Financial Resources and that based

on his representations she transferred funds to Financial

_____

     [1]Only Attorney Ruth Hall moved to withdraw.  It therefore
appears that Attorney Jason Sullivan continues to represent the
defendants along with new counsel who entered an appearance on
July 11, 2001.

Resources totaling $90,000 and received promissory notes from Coyne and from Financial Resources totaling $102,500. Gabrielson further alleges that Coyne has defaulted on his promissory note in the amount of $60,000 and on the terms of a second promissory note in the amount of $20,000 and that Financial Resources defaulted on the terms of its promissory note for $22,500.

Gabrielson alleges claims of breach of fiduciary duty, fraud and deceit, and violations of New Hampshire's securities and consumer protection laws against all three defendants. She also alleges claims of breach of contract against Coyne, vicarious liability against Financial Resources, and conversion against Financial Resources and Farah.

The complaint was filed in this case in June of 1999 and an amended complaint was filed in May of 2000. Trial was originally scheduled for the trial period of February 15, 2000, but because of discovery disputes, the trial was rescheduled several times. Most recently the trial date was reset from the period beginning on February 20, 2001, to the period beginning on May 15, 2001, and again to the period beginning on September 18, 2001. On June 29, 2001, defendants Farah and Financial Resources, Inc. moved for leave to permit their attorney to withdraw. New counsel filed an appearance on their behalf on July 11, 2001, and the motion for leave to withdraw was granted on July 20, 2001.

A. <u>Motion to File an Amended Answer</u>

Farah and Financial Resources, Inc. move to be allowed to file an amended answer to add cross-claims against Coyne and a counterclaim against Gabrielson. In the proposed counterclaim against Gabrielson, Farah and Financial Resources allege that all of the parties were acting as a joint venture and that Farah and Financial Resources are entitled to contribution from Gabrielson for the joint venture's loss under New Hampshire partnership law. Farah and Financial Resources, Inc. represent that Coyne, who is proceeding pro se, has assented to the motion to amend. Gabrielson objects to the motion to add the counterclaim against her.

Farah and Financial Resources argue that the counterclaim against Gabrielson is a compulsory claim under Federal Rule of Civil Procedure 13(a). Farah and Financial Resources acknowledge that they failed to assert the counterclaim in a timely manner, but argue that they should be allowed to add it by amendment due to oversight, inadvertence, or excusable neglect. <u>See</u> Fed. R. Civ. P. 13(f). Gabrielson agrees that the counterclaim is compulsory, pursuant to Rule 13(a), but argues that the amendment should not be allowed because of prejudice, since discovery is complete and trial is scheduled to begin in less than two months, because a joint venture theory is inconsistent with the

defendants' prior pleadings, and because the claim is barred by the statute of limitations.

The First Circuit has adopted an analysis consisting of four separate tests for determining whether a proposed counterclaim is compulsory under Rule 13(a). See Iglesias v. Mut. Life Ins. Co. of N.Y., 156 F.3d 237, 241-42 (1st Cir. 1998). Despite the parties' agreement that the counterclaim is compulsory, neither side has engaged in the required analysis. Given the paucity of the pleadings and the record on the issue, the court declines to decide, on its own, whether or not the counterclaim is compulsory.

Even if the counterclaim were determined to be compulsory, however, the amendment appears to be futile and the result of undue or intended delay. See Resolution Trust v. Gold, 30 F.3d 251, 253 (1st Cir. 1994) ("Leave to amend is to be freely given, unless it would be futile, or reward, inter alia, undue or intended delay."). Personal actions, such as the defendants' counterclaim, must be brought within three years of the "act or omission complained of." RSA 508:4, I. Although Farah and Financial Resources have not provided factual allegations in support of their claim that the parties were operating as a joint venture, the record to date indicates that the dealings between the parties and the losses they suffered when their investment in

4

the Sand Bar Restaurant failed occurred in 1996. Since the defendants did not assert their joint venture counterclaim within three years of the acts or omissions complained of, the claim would be untimely pursuant to 508:4, I.

In addition, in order to be permitted to add a counterclaim by amendment, the defendants must show that their omission is due to "oversight, inadvertence, or excusable neglect, or [that] justice so requires." Fed. R. Civ. P. 13(f). To assess excusable neglect, courts consider factors such as "the good faith of the claimant, the extent of the delay, and the danger of prejudice to the opposing party." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 n.10 (1993). Farah and Financial Resources have provided no explanation for their delay in seeking leave to add their counterclaim.

In their pretrial statement filed on August 14, 2000, defendants Farah and Financial Resources characterized the relationship among the parties as a joint venture. Gabrielson objected to those portions of the defendants' pretrial statement. Therefore, it appears that the defendants were aware of their joint venture theory at least by August of last year, but waited almost a year to assert a counterclaim based on that theory.

The motion to amend comes two years after the case was filed, after all discovery is complete, after the close of

5

deadlines for dispositive motions, and two months before the date for trial. Because the joint venture counterclaim has not been a subject of discovery or prior motion practice between Gabrielson and the defendants, it would be necessary to at least reopen discovery to address issues raised by the claim. The parties' pretrial materials would also have to be amended and refiled. As a result, the trial, which is scheduled in September, would likely once again be delayed. Gabrielson strenuously objects to any further delay in the trial date. The defendants have not offered any grounds that would overcome the prejudice to Gabrielson that would be caused by adding the counterclaim at this late date. The motion to amend to add the counterclaim against Gabrielson is denied.

In contrast, defendant Coyne, who is appearing pro se, apparently assented to the motion by Farah and Financial Resources to amend their answer to add the cross-claims against him. Farah and Financial Resources assert in support of their motion to amend that the issue of joint venture was the subject of discovery among the defendants and that the amendment would not cause a delay in the trial date. Therefore, the motion to amend is granted as to the cross-claims against defendant Coyne to which he assented. The trial date will not be rescheduled to accommodate those claims.

6

Farah and Financial Resources shall file a new amended answer that is consistent with this order on or before **August 8, 2001,** failing which their opportunity to amend will be deemed waived. After the amended answer is filed within the time allowed, all of the defendants shall file amended final pretrial materials **on or before August 29, 2001,** to reflect the cross-claims against Coyne.

B. <u>Motion for Additional Pretrial Conference</u>

Defendants Farah and Financial Resources ask the court to hold a pretrial conference to establish new motions deadlines and to discuss the trial schedule. In support of the motion, the defendants argue that their new counsel should be given an opportunity to address the factual and legal issues in the case, including issues pertaining to their cross-claims against defendant Coyne, in motions for summary judgment. Gabrielson objects, arguing that any further delay in this case would be prejudicial to her.

The defendants' decision to change counsel two and a half months before the case is scheduled to go to trial is not a ground to delay the case or to permit new dispositive motions. The final pretrial conference in this case is scheduled for 9 a.m. on September 6, 2001. The defendants have not shown that an additional conference is necessary.

7

C.   Motion to Compel Mediation

Farah and Financial Resources also move for an order to compel Gabrielson to participate in mediation.  Farah and Financial Resources failed to sign the joint mediation statement proposed by Gabrielson and failed to file any mediation statement of their own.  In her mediation statement filed on June 2, 2000, Gabrielson stated that "[d]ue to the very substantial difference in the parties [sic] positions regarding the liability of Scott Farah, individually and [Financial Resources], counsel for the plaintiff has concluded that mediation would be unproductive and more than likely a waste of the mediator's time and the court's resources."  Doc. no. 46.

In response to the defendants' motion, Gabrielson reiterates her belief that mediation would be unproductive.  Her counsel further states that he will be unavailable until mid-August, which would leave insufficient time before trial in mid-September to prepare for meaningful mediation.  Given the defendants' lack of diligence in pursuing mediation until the eleventh hour and the plaintiff's lack of interest, the court concludes that mediation would serve no useful purpose at this time.

Although the court will not compel the parties to mediate, the court strongly encourages counsel to engage in good faith settlement efforts.  The court will expect a report at the final

8

pretrial conference concerning counsels' efforts and the progress that has been made toward settlement.

## Conclusion

For the foregoing reasons, the defendants' motion to amend (document no. 90) is granted as to the cross-claims against defendant Coyne, as is more fully explained in this order, and is otherwise denied. The defendants' motions for an additional pretrial conference (document no. 91) and to compel mediation (document no. 92) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

July 31, 2001

cc:  Steven M. Latici, Esquire
     John M. Sullivan, Esquire
     Philip a. Brouillard, Esquire
     T. Gary Coyne, pro se

9