### Hasker TYLER, Plaintiff,

v.

### UNITED STATES of America, Defendant.

#### No. 01–40039–NMG.

United States District Court,
D. Massachusetts.

Sept. 15, 2005.

---

Nancy Rue, United States Attorney's Office, John Joseph Moakley Federal Courthouse, Boston, MA, for Attorney General John Ashcroft, Defendant.

Christopher R. Donato, United States Attorney's Office, John Joseph, Moakley Federal Courthouse, Boston, MA, for USA, Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

In the present dispute, Hasker Tyler ("Tyler") alleges that defendant United States of America violated the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., when medical staff in the Bureau of Prisons ("BOP") negligently referred him to outside medical professionals. The defendant moves for summary judgment. In response to the defendant's motion, Tyler has filed a motion to amend and supplement his pleadings. Having considered the memoranda in support and opposition of these pending motions, the Court now resolves the case as follows.

## I. *Factual Background*

On April 16, 2001 plaintiff Hasker Tyler filed a pro se complaint against various individuals in the BOP and John Ashcroft under the FTCA. Tyler's claims can be conveniently divided into two allegations of medical malpractice: 1) that defendants failed to treat timely his kidney problems from 1989 to 1997 which led to a diagnosis of "kidney failure" on February 27, 1997, and 2) that defendants refused thereafter to treat adequately his kidney failure or to provide him with a kidney transplant operation even though there are willing kidney donors available. Attached to Tyler's complaint and incorporated therein is the paperwork generated from the denial of his administrative claim with the BOP which he filed on December 24, 1999.

On June 28, 2002 this Court granted the motion of the United States to dismiss the individual defendants and to substitute the United States as the sole defendant. On June 6, 2003 this Court denied the motion of the United States to dismiss for failure to state a claim upon which relief can be granted and retained under advisement 1) the motion of the United States to dismiss

for lack of subject matter jurisdiction pending receipt of a supplemental response to that motion from Tyler and 2) Tyler's motion for appointment of legal counsel and a medical expert to assist him with presenting his case pending receipt of an opposition to that motion from the United States.

With respect to the plaintiff's second allegation that the defendant "refused thereafter to treat adequately his kidney failure or to provide him with a kidney transplant operation even though there are willing kidney donors available," this Court stated:

> Tyler may not have a claim against the United States for the alleged negligent acts of doctors hired by the BOP as independent contractors but he does have a claim, and his complaint (liberally construed) sufficiently states one, for negligence on behalf of the BOP medical staff that referred Tyler to those doctors. The United States' motion to dismiss on that ground will, therefore, be denied.

Memorandum & Order entered June 6, 2003, at p. 8.

On July 11, 2003, this Court entered a subsequent Memorandum and Order dismissing the plaintiff's medical malpractice claim against the United States for lack of subject matter jurisdiction because he failed to present his claim to the BOP in writing within two years of the accrual date of his cause of action. This Court also denied the plaintiff's motion for appointment of counsel and medical expert. After that decision, all that remained of the plaintiff's action was his claim against the United States for negligent referral by the BOP medical staff that occurred after December 24, 1997.

On June 30, 2005, the defendant filed a motion for summary judgment together with a memorandum in support. After this Court allowed plaintiff's request for an extension of time within which to file a response to the defendant's motion for summary judgment, on September 1, 2005, the plaintiff filed a motion to amend and supplement his pleadings along with an opposition to the defendant's motion for summary judgment.

## II. *Legal Analysis*

### A. Motion for Summary Judgment

#### 1. Standard of Review

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-mov-

ing party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the nonmoving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

### 2. Analysis

This Court previously dismissed for lack of subject matter jurisdiction all claims alleged to have arisen before December 24, 1997 due to the two-year statute of limitations set forth in the FTCA. In addition, this Court held that plaintiff had no claim against the United States for the alleged negligent acts of doctors hired by the BOP as independent contractors, but it did allow the plaintiff's claims for negligent referral on the part of the BOP medical staff to proceed.

■ Under the FTCA, liability is determined by reference to the law of the place where the act or omission occurred. *See Gonzalez Rucci v. INS,* 405 F.3d 45, 49 (1st Cir.2005). According to the BOP record, from May 28, 1997 through August 11, 1999, the plaintiff was incarcerated at FMC Lexington, Kentucky, and, from August 11, 1999 through April 20, 2000, the plaintiff was incarcerated at USMCFP Springfield, Missouri. As a result of the statute of limitations with respect to the FTCA, only the plaintiff's medical treatment for his post-kidney failure diagnosis from December 1997 through August 1999 at FMC Lexington, Kentucky, and from August 1999 through December 1999 at USMCFP Springfield, Missouri is at issue. Therefore, this Court must look to Kentucky state law and Missouri state law respectively to determine the merits of the plaintiff's alleged negligence claims.

■ Kentucky law is not helpful to plaintiff in advancing his claim. The plaintiff does not offer (and this Court has not found) any Kentucky case or statute recognizing a cause of action for negligent referral where one physician recommends another physician for medical treatment.

Missouri law offers little more solace to the plaintiff's cause of action. Under Missouri law, generally, physicians independently employed or acting independently are not vicariously liable, unless one observed, or, in the exercise of ordinary care, should have observed, the wrongful act of the other. *Crump v. Piper,* 425 S.W.2d 924, 928 (Mo.1968). The plaintiff alleges that BOP physicians, Drs. Thomas Jones and Bob Smith, negligently referred the plaintiff to independent contractor, Dr. James K. Cordonnier. However, Drs. Jones and Smith stated in their respective declarations that: 1) they were unaware of any negligent acts or omissions made by independent contractor, Dr. James K. Cordonnier, 2) they believed Dr. Cordonnier provided appropriate medical care to the plaintiff and 3) they specifically denied exercising any control over the medical services provided by Dr. Cordonnier to the plaintiff. The defendant has, therefore, shown that there is no genuine issue as to any material fact with respect to the referral.

The plaintiff's position is undermined further by the fact that he has not offered a scintilla of evidence to show that: 1) Dr. Cordonnier was unqualified to perform the medical treatment he provided the plaintiff, 2) that BOP Drs. Jones and Smith knew or should have known that Dr. Cordonnier was unqualified to perform that treatment or 3) that BOP Drs. Jones and Smith exercised any control over the treatment rendered by independent contractor, Dr. Cordonnier, to the plaintiff. The plaintiff has provided no automatic discov-

ery, served no discovery requests, deposed no witnesses nor identified any experts who will testify in support of his allegations.

In his opposition, the plaintiff implies that his case has been stalled due to a racial/religious conspiracy of retaliation against him by the BOP to deny him access to his medical records. It is unclear to this Court to which vague conspiracy the plaintiff is referring, nor is it clear how the plaintiff can claim he has been denied access to his medical file when he has never made a formal discovery request to review it. All this Court is offered by the plaintiff's opposition are unsupported claims of government retaliation and conspiracy against him without any substantive claims upon which the plaintiff can legitimately oppose the defendant's motion. Moreover, plaintiff's memorandum in opposition seems more concerned with re-litigating matters already decided by this Court, particularly its decision to substitute the United States as the sole defendant in this action, rather than offering evidence to rebut the defendant's motion. Viewing the entire record in the light most hospitable to the plaintiff and indulging all reasonable inferences in his favor, this Court nevertheless finds that no genuine issue of material fact exists. As a result, the defendant as the moving party is entitled to judgment as a matter of law and summary judgment is appropriate and will be allowed.

### B. Motion to Amend and Supplement the Pleadings

With respect to a motion to amend the pleadings, in general, "a party may amend the party's pleading only by leave of court ... and leave shall be freely given when justice so requires". Fed.R.Civ.P. 15. Leave to amend must be denied, however, if the amendment would be futile or would reward undue delay. *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir.1994). Once a motion for summary judgment has been filed, a motion for leave to amend will be allowed only if the plaintiff can provide "substantial and convincing evidence" in support of the amendment. *Id.*

The plaintiff's motion to amend does not begin to cross that high threshold. The plaintiff has moved to amend the pleadings at the 11th hour, clearly in response to the defendant's motion for summary judgment. His motion to amend the pleadings seeks to add 22 individual defendants. In addition, the plaintiff's motion raises a dizzying array of issues ranging from deprivation of his rights under the Eighth Amendment to claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). None of the plaintiff's claims is supported by evidence sufficient to allow him to amend his claim at this late stage. At the end of the day, plaintiff's motion to amend appears to be intended to create further delay and confusion of the legitimate legal issues now before this Court and it will, accordingly, be denied.

### ORDER

In accordance with the foregoing, defendant's motion for summary judgment (Docket No. 30) is **ALLOWED** and plaintiff's motion to amend his pleadings (Docket No. 33) is **DENIED**. This case is **DISMISSED**.

**So ordered.**