# United States Court of Appeals
## For the First Circuit

No. 13-1810

ALTAMIRA RODRÍGUEZ PÉREZ, ET AL.,

Plaintiffs, Appellants,

v.

HOSPITAL DAMAS, INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen C. Cerezo, U.S. District Judge]

Before

Howard, Lipez and Barron,
Circuit Judges.

Manuel San Juan for appellants.
Roberto Ruiz Comas, with whom RC Legal & Litigation Services PSC was on brief, for appellees.
Freddie Pérez-González, with whom Freddie Pérez-González & Assoc., P.S.C. was on brief, for Fundación Damas, Inc., intervenor-appellee.

October 16, 2014

**BARRON, Circuit Judge.** This appeal asks us to reverse a denial of a motion to amend a complaint in a medical malpractice case. We cannot do so, however, because the District Court acted within its discretion when it decided the plaintiffs had waited too long before trying to add -- just weeks ahead of the trial's scheduled start -- a new defendant.

## I.

The underlying complaint concerns the medical treatment Estella Rodríguez Pérez received in 2007 and 2008 at the Damas Hospital in Ponce, Puerto Rico. The hospital admitted her in November of 2007 for gastrointestinal distress. The hospital discharged her seven months later in a persistent vegetative state.[1] In response, Pérez's sister and daughter -- Sonia Hodge and Alma Sanchez-Rodríguez, respectively -- brought suit in November of 2008.

The plaintiffs originally filed their complaint in the Puerto Rico Court of First Instance. They then voluntarily dismissed their suit and re-filed in federal court in October of 2009. It is that federal complaint -- and, in particular, the plaintiffs' unsuccessful attempt to amend it -- that gives rise to this appeal.

The federal complaint named Hospital Damas, Inc., various hospital employees and staff members, and a number of unnamed

---

[1] She died in May of 2009.

entities as defendants. One of those unnamed defendants was listed only as "Corporation ABC." Though the plaintiffs did not then know the identity of "Corporation ABC," they nonetheless alleged it was, along with Hospital Damas, Inc., the owner and operator of the Damas Hospital.

On April 23, 2010, the District Court dismissed the complaint as to all unnamed defendants, including "Corporation ABC." The court explained "[t]he term to identify [unnamed] defendants ha[d] expired." One week later, however, the plaintiffs successfully filed an amended complaint that again listed the unnamed "Corporation ABC" as a defendant.

Then, in September of 2010, Hospital Damas, Inc. filed for Chapter 11 bankruptcy. In doing so, Hospital Damas, Inc. provided information of potential relevance to the plaintiffs' identification of "Corporation ABC" in the medical malpractice case. Specifically, Hospital Damas, Inc. named Fundación Damas, Inc. both as Hospital Damas, Inc.'s sole co-debtor and as the lessor for the hospital property.

Although Hospital Damas, Inc. sought to stay the malpractice case during the pendency of the bankruptcy proceedings, the Bankruptcy Court allowed the malpractice case to proceed. And so that suit headed towards trial until, on February 7, 2012 -- six weeks before the scheduled start of the trial -- the plaintiffs

filed a motion to amend their complaint to include Fundación Damas, Inc. as a defendant.

The motion stated the plaintiffs had learned of Fundación Damas, Inc.'s relationship to the hospital "as a result of" the disclosures made in Hospital Damas, Inc.'s bankruptcy filings. The plaintiffs also attached two documents they claimed "confirm that Fundación Damas, Inc. is indeed the licensed, duly authorized owner and operator of the Damas Hospital." One was a Puerto Rico Department of Health license that listed Fundación Damas, Inc. as the entity authorized to operate the hospital. The other was entitled "Second Amendment to Deed of Trust" and showed that Fundación Damas, Inc. had established a self-insurance trust fund for the hospital.[2]

Hospital Damas, Inc. argued the District Court should deny the motion so as not to reward the plaintiffs for their lack of diligence in identifying "Corporation ABC." Hospital Damas, Inc. also argued the addition of Fundación Damas, Inc. at such a late date would unfairly delay the trial. The District Court

---

[2] The plaintiffs later filed a supplemental motion to which they attached a number of additional supporting documents. One of these documents, which they obtained from the Puerto Rico Department of Health, was a "Certificate of Need and Convenience" and listed Fundación Damas, Inc. as the "owner" of the Damas Hospital. In their supplemental motion, the plaintiffs argued that this Certificate showed that the government recognized only Fundación Damas, Inc., and not Hospital Damas, Inc., as the owner and operator of the hospital.

denied the plaintiffs' motion for leave to amend on May 12, 2012, and this appeal followed.

## II.

Our decision turns on Rule 15 of the Federal Rules of Civil Procedure, which provides that district courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Ordinarily, the district court is best positioned to decide whether that standard has been met, which is why we "review denials of leave to amend under Rule 15 for abuse of discretion, deferring to the district court for any adequate reason apparent from the record." Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994).

Here, the District Court denied the motion because of the plaintiffs' delay. We have previously explained that "undue delay in moving to amend, even standing alone, may be . . . an adequate reason" to deny such a motion. In re Lombardo, 755 F.3d 1, 3 (1st Cir. 2014) (citing Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 51–52 (1st Cir. 1998)). We thus must decide whether the District Court acted within its discretion in deciding on this record that the delay was undue.

As we have said on a number of occasions, "when 'considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has [at the very least] the burden of showing some valid reason for his neglect and delay.'"

Id. (quoting Stepanischen v. Merchs. Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983)) (alteration in original).  And a "considerable" amount of time certainly passed here.  See id. (discussing cases imposing on the movant the burden to explain grounds for delay when the delay was fourteen, fifteen, and seventeen months, respectively).  More than two years elapsed between the filing of the plaintiffs' original complaint and their motion for leave to amend it.  And more than sixteen months passed after Hospital Damas, Inc. made its September 2010 bankruptcy filing disclosing the ties between the two entities.  The plaintiffs thus bore the burden of explaining their attempt to add Fundación Damas, Inc. so late in the case.

The District Court found the plaintiffs' explanation inadequate.  The court doubted "that it was impossible to obtain" the information about the ties between the two entities before the plaintiffs finally did.  And the court noted the plaintiffs' initial complaint alleged there might be another corporation -- then named "Corporation ABC" -- that owned and operated the hospital.  The court therefore thought the plaintiffs were "in a poor position" to argue they could not have named Fundación Damas, Inc. sooner, especially because their motion for leave to amend

relied on publicly available documents to show that entity's connection to Hospital Damas, Inc.[3]

The plaintiffs respond by, in effect, disputing the availability of one of those documents -- the Health Department license. They argue the license shows how important Fundación Damas, Inc. is to their case. They contend the license establishes that only Fundación Damas, Inc. had the authority to run the hospital at the time the malpractice allegedly occurred. They further argue they could not have responsibly moved to add this critical defendant until they had actually received the license. And they tie up their argument by saying they did not get that license from the Health Department until days before they filed their motion. Thus, they say, they acted swiftly in moving to amend the complaint.

But the plaintiffs' explanation is incomplete. Even if we were to agree that the license's receipt was a necessary predicate for the plaintiffs' motion, we would still lack an adequate explanation for why the plaintiffs took so long to get that document. The plaintiffs do not say when they first requested the license from the Health Department. They also do not say how

---

[3] The District Court also rejected the plaintiffs' argument based on the Certificate of Need and Convenience. The court saw no reason under Puerto Rico law why an owner of a health facility that had the requisite Certificate could not lease the facility to its wholly owned subsidiary, which it appeared that Fundación Damas, Inc. had done.

long it took the Department to process their request. Nor do they point to anything in the record that would supply us with that missing information. Indeed, counsel for the plaintiffs conceded at oral argument that he was unaware of anything in the record that would "give us any indication" of the precise timing of the plaintiffs' request to the Health Department. And, when asked how long it took the plaintiffs to receive the license after requesting it from the Health Department, counsel responded only that he "could not really tell [us] exactly," and that it was a "months-long" process.[4]

But without greater clarity about the timing, we cannot know whether the plaintiffs' failure to pursue the license diligently best explains their late-in-litigation filing, or whether some reason beyond their control is instead to blame. And our concern that the former may be the case is heightened because the record shows the plaintiffs, by their own account, seem to have known of Fundación Damas, Inc.'s connection to the hospital more than a year before they say they first received the license from the Health Department.

Specifically, the plaintiffs acknowledge they knew in late 2010 about Hospital Damas, Inc.'s bankruptcy filing, which not only named Fundación Damas, Inc. as Hospital Damas, Inc.'s sole

---

[4] The plaintiffs similarly failed to explain the precise timing of their actions in their motions before the District Court.

co-debtor, but also listed Fundación Damas, Inc. as the lessor for the hospital property. And even if that filing for some reason did not suffice to make the plaintiffs aware of those ties, the plaintiffs do concede they became aware "in early 2011" "of the details of Hospital Damas, Inc.'s relationship with Fundación Damas, Inc.," a time that is itself potentially more than a year before the plaintiffs filed their motion for leave to amend in February 2012.

Thus, even if we accept that the plaintiffs could not file their motion until they actually received the license, and even if, beyond that, we accept that the plaintiffs had no obligation to pursue the identity of "Corporation ABC" before Hospital Damas, Inc. filed for bankruptcy,[5] the record still leaves unexplained the reason for a good chunk of the seemingly year-long delay between the time the plaintiffs say they first learned of the hospital's potential tie to Fundación Damas, Inc. and the date they filed their motion to add that defendant to their complaint. In

---

[5] In their supplemental motion, the plaintiffs claimed that, during discovery, they sent a request to Hospital Damas, Inc. for "all documents of ownership of Hospital Damas at the time of the events alleged in the Complaint to the present time," but that Hospital Damas, Inc. failed to respond to the request. Hospital Damas, Inc., however, claimed in its opposition that they never received such a discovery request. We need not resolve this issue, though. Whether or not the plaintiffs made that discovery request, we hold that the District Court did not abuse its discretion in denying leave to amend because of the plaintiffs' inadequate explanation of their delay in obtaining the license until right before trial.

light of our obligation to affirm the District Court's exercise of discretion "for any adequate reason apparent from the record," Resolution Trust Corp., 30 F.3d at 253, and given the length of unexplained delay involved, we cannot say the District Court abused its discretion in concluding the plaintiffs failed to act with sufficient speed in seeking to add the new defendant. See Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 19-20 (1st Cir. 2013) (affirming denial of motion for leave to amend in light of eleven-month delay); Villanueva v. United States, 662 F.3d 124, 127 (1st Cir. 2011) (per curiam) (affirming finding of undue delay when only four months had elapsed before motion was filed); Kay v. N.H. Democratic Party, 821 F.2d 31, 34 (1st Cir. 1987) (per curiam) (delay of less than three months constituted undue delay). Accordingly, the District Court's denial of the plaintiffs' motion for leave to amend the complaint to add the new defendant is AFFIRMED.[6]

---

[6] During the course of this appeal, we provisionally granted Fundación Damas, Inc. leave to intervene. Because we affirm the District Court without relying on any argument contained in Fundación Damas, Inc.'s brief, we deny the motion to intervene.